## Tyson *v.* State.

No. 41239          June 8, 1959          112 So. 2d 563

*J. W. Price,* Oxford, for appellant.

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted, tried, and convicted of larceny. On the question of guilt, the evidence showed that appellant was employed in the store from which a sum of money was stolen, and the rear door had been broken open. A meat cleaver had some scraches on it, indicating it had been used to break the lock. A confession of appellant was admitted. There was no evidence connecting appellant with the crime except the confession.

On the preliminary hearing had in the absence of the jury on the voluntariness of appellant's confession, appellant testified that he was beaten with a strap and the confession was made because he was afraid the officers would again take him out and beat him; that his body still had marks on it from the beatings. He testified that he had been taken out three times to a barn out from town. All the officers alleged to have been involved in the mistreatment, save one who was unavailable, denied they had mistreated appellant in any way, and testified that the confession was voluntary. The jailer testified that he examined appellant's person after the time of the alleged beatings and there were no marks on his body. The confession was admitted and the case proceeded before the jury. Appellant took the stand in his own defense. He repudiated the confession. He repeated before the jury the charges of mistreatment and said his body bore marks of the beatings, and denied any part in the crime. Another witness who was arrested for the crime testified that he told the officers appellant was involved in the crime, and that there was no truth in his statement; that he made the statement to keep the officers from beating him; that he was present when appellant was beaten.

On rebuttal the State introduced the sheriff who testified that when appellant was turned over to the

county authorities by the city officers "a week or two" after the appellant had been in jail, he had appellant undress and there were no scabs, marks, or bruises on him. The State then rested on rebuttal and appellant's counsel moved the court to clear the courtroom and let the jury look at the appellant. Of course, the purpose of appellant's counsel was to let the jury see if there were any scars, scabs, or bruises on the person of appellant, The court denied appellant's request solely on the ground that it should have been a part of the case on chief and that it was not a part of the surrebuttal. This action of the trial court is assigned as error.

"It is permissible to exhibit to the jury scars and wounds on a person's body, when a demonstration of this nature tends to solve any controverted issue in the case." Wharton's Criminal Evidence, 12th Ed., Volume 2, Section 680, page 631. "A witness may use his own body, or a member of his body. . . . to illustrate or explain the evidence." 32 C. J. S., Evidence, Section 603, page 455-456. The State's whole case hinged on the confession; without it there was no proof of guilt. Appellant was contending it was obtained by violence to his person, and that his body bore the marks of the violence. The State was contending the opposite. The probative value of the exhibition of appellant's body is obvious. The trial was had less than three weeks after the date of confession. The jury should have been permitted to view the parts of appellant's body alleged to show the marks.

Whether the offer to exhibit his body was proper on surrebuttal as a procedural matter is a matter about which there could be some doubt. Cf. Roney v. State, 167 Miss. 827, 150 So. 774. In this connection, appellant had testified on the admissibility of the confession that the marks were on his body. The jailor had testified on that issue and told of his and the sheriff's examination of appellant which showed no marks. This all took place when the jury was retired. Then, appellant, in his testimony

on the merits in his case in chief, told of the presence of the marks on his body. The sheriff took the stand on the State's rebuttal and testified *for the first time in the presence of the jury* that he had caused appellant to undress and examined his body and it showed no marks. The State immediately rested and the offer of appellant to exhibit his body followed. We do not undertake to resolve the question whether appellant's offer was a proper part of the surrebuttal. We do not think so important a matter should be decided on any technical basis. The trial was a search for the truth on the vital question of the admissibility of the confession. The demonstration offered by appellant would have tended to solve this vital controverted issue.

On the question involved, the trial judge had considerable discretion, but under the circumstances of this case, we hold that the rejection of appellant's offer was not a reasonable exercise of discretion.

Appellant also complains of the alleged fact that appellant was held in jail and interrogated for about six days before the confession was made and that the State did not comply with Section 2473, Mississippi Code of 1942, in that appellant was not taken before any officer for examination of his case without unnecessary delay. This question was not properly developed on the trial below. The failure of the State to charge the appellant and give him a preliminary hearing was a matter the trial court could properly consider in determining the validity of the confession. Cf. Winston v. State, 209 Miss. 799, 48 So. 2d 513. Upon remand of the case, the matter just mentioned may be properly developed and given appropriate consideration by the trial judge.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.