[Crim. No. 8453.   Second Dist., Div. Three.   Oct. 2, 1963]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM JOSEPH WIDENER, Defendant and Appellant.

Robert W. Stanley for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

FILES, J.—Defendant was tried before a jury and convicted of possession of marijuana in violation of Health and Safety Code, section 11530. The trial judge suspended proceedings and granted probation on condition that defendant spend 60 days in the county jail. Defendant has appealed from the "judgment," i.e., the order granting probation, and the order denying his motion for new trial.

Early in the evening of November 4, 1961, defendant parked his automobile in the parking lot of a shopping center at Centinela and Sepulveda Boulevards and went into a restaurant. While he was away his wife, who was seated in the car with their two children, wrote the word "help" on the car window. She was frightened and crying because defendant had struck her, and she wanted police protection. Two deputy sheriffs approached the vehicle and observed on the front seat a

brown bottle which was labelled "Ascorbic Acid, Vitamin C." The woman said the bottle belonged to her husband. When defendant returned to the car he was taken to the Lennox Sheriff's Substation. The deputy who examined defendant at the substation observed that the pupils of his eyes were extremely dilated, his gait was unsteady, he failed to pass simple balance tests, he appeared to be "very stimulated," he had difficulty answering questions, and his pupils failed to react when the light of a flashlight was directed toward them. This officer formed the opinion that defendant was under the influence of either marijuana or an amphetamine type drug. Subsequent chemical analysis of the contents of the brown bottle established that these contents included 70 tablets of amphetamine sulphate and two capsules of sodium secobarbitol.

A search of the automobile disclosed three more tablets under the front seat, which appeared to be identical with the amphetamine tablets in the bottle.

In defendant's shirt pocket were found two partially burned marijuana cigarettes.

Defendant told the officers that he had found both the bottle and the marijuana cigarettes in the closet of his bedroom after he had come home from work that afternoon. He said there had been a Halloween party in his home the previous week and he supposed that these items had been left behind by one of the guests. He said he had taken them with him that evening so as to remove them from the house and dispose of them. Defendant told the same story when he testified at the trial. Defendant also testified that when he found the cigarettes, he thought they were marijuana.

No contention was made either at the trial or in the briefs on appeal that the officers did not have probable cause to interrogate defendant, arrest him, and make the search which produced the marijuana cigarettes. When the marijuana cigarettes were offered in evidence defendant's attorney said, "No objection."*

---

*The arresting officers were not asked whether they took defendant to the substation because they believed he was under the influence of a narcotic or for some other reason. On this record, we assume the arrest was for some legal cause other than defendant's possession of marijuana, which offense was apparently undiscovered at that time. Where there is such cause for the arrest the prosecutor and defense counsel may prudently refrain from questioning the arresting officer on this subject, for to do so might introduce into the record the prejudicial information that the defendant was under strong suspicion of having committed some other offense.

■ Defendant's argument that the evidence was insufficient to support a conviction requires little comment. He does not dispute the physical fact of possession; and his own testimony eliminates any doubt that he knew what he was carrying. ■ Even if it be assumed that defendant's own explanation of his reasons for carrying the narcotic constituted a defense, the jury was not required to believe it. The best that can be said for defendant's contention is that the issue was one of fact, and the finding of the jury is not reviewable on appeal.

■ After the trial, defendant employed new counsel. The attorney representing defendant on appeal now contends that the trial attorney's representation was so inadequate and ineffective that the conviction should be set aside on that ground. Defendant's criticism of trial counsel in this case amounts to no more than the hindsight opinion that some different tactics should have been employed. This is not ground for a reversal. (*People* v. *Robillard*, 55 Cal.2d 88, 97 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086].) Defendant was given a vigorous defense. We have reviewed the record carefully and find nothing in it to indicate that trial counsel did not do the best he could with what he had to work with.

■ Defendant contends that he was prejudiced when the trial court requested him to show the jurors the pupils of his eyes. The judge said: ''Let them take a look at your pupils and see whether they are wide or pinpointed or whatever they might be. I don't know, just two or three of them. Then they can tell the rest of the jurors what they saw when they get to the jury room.''

The record does not show whether defendant complied, or if he did, how many jurors were able to look closely at his eyes. Counsel's point is that defendant was entitled to have all of the jurors see all of the evidence. Had the point been made at the trial, the court doubtless would have allowed defendant to exhibit his eyes to all 12 jurors.

Of course it was irregular for the court to suggest this inspection by two jurors rather than by all of them, but we cannot agree that the incident prejudiced the defendant.

■ Defendant also contends, without citation of authority, that asking defendant to approach the jury box and show his eyes forced defendant to testify against himself. It is not a violation of a defendant's rights to require him to stand so that the jury may have a better view of his features. (*People*

v. *Clark,* 18 Cal.2d 449, 460 [116 P.2d 56]; see 8 Wigmore, Evidence (McNaughton rev. 1961) § 2265.)

Defendant also contends that section 11530 of the Health and Safety Code is unconstitutional because (a) it is silent as to whether an accused is to be charged with a felony or a misdemeanor, and (b) it is vague, uncertain, ambiguous and unintelligible in that it fails to define the meaning of ''possession.''

The information charging a violation of Health and Safety Code, section 11530, unquestionably charges a felony, in the light of Penal Code, section 17, which defines a felony as a crime punishable with death or imprisonment in the state prison. ■■ If defendant is arguing, as he appears to be, that it is unconstitutional to confer upon the trial judge the discretion to give a jail sentence for an offense which under the code may be punished by confinement in either a jail or in state prison, we deem it unnecessary to discuss the contention further than to reject it.

■■ Defendant's argument as to the ambiguity of the word ''possession'' appears to be grounded upon the fact that the statute does not state whether it applies to a person who comes into physical possession of marijuana without any intent to do so. It is settled that the statutes which forbid possession of narcotics mean a conscious and voluntary possession, and that, so applied, the acts are constitutional. (*People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433]; *Matter of Yun Quong,* 159 Cal. 508, 514 [114 P. 835, Ann. Cas. 1912C 969]; see *People* v. *Redrick,* 55 Cal.2d 282, 285 [10 Cal.Rptr. 823, 359 P.2d 255].) ■■ In the present case defendant was charged and, on sufficient evidence, found guilty of conscious and voluntary possession.

The order denying the motion for a new trial not being appealable, the appeal therefrom is dismissed. The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.