## Coston *v.* State

No. 43504          March 8, 1965          172 So. 2d 764

*Jesse W. Shanks,* Purvis, for appellant.

258

G. *Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Jerry Coston, appellant, was convicted in the Circuit Court of Lamar County for possession of intoxicating liquors. We reverse that judgment and discharge appellant, because the evidence was obtained as the result of an illegal arrest and an illegal search and seizure.

Around eleven o'clock one night in May of last year, the Sheriff of Lamar County and the Town Marshal of Purvis parked near an intersection. Coston in his automobile stopped for the signal light, and when it turned green, he proceeded on the highway toward Hattiesburg. He was not violating any laws. The sheriff followed and stopped him, and asked to see his driver's license. Coston showed him both his driver's license and a bill of sale for the automobile. He was a resident of Forrest County. The car had a Harrison County tag on it.

The sheriff had no reasonable ground to suspect that the car was stolen. However, he took Coston to the courthouse, where he made him empty his pockets. Since the driver's license and the license tag on the car did not correspond, the sheriff held Coston at the court-

house while checking with the highway patrol. The license tag was registered in the name of a lady from Harrison County. After two or three hours of this detention, the sheriff made an affidavit charging Coston with operating a motor vehicle "having an improper tag." Miss. Code Ann. §§ 9352-17, 9352-51 (1956). A justice of the peace issued a warrant for Coston's arrest. Without a search warrant, and three hours after he picked up appellant, the sheriff searched the automobile. He got into the trunk by removing the back seat, and found nine bottles of whiskey. Appellant's counsel fully preserved all of his rights by proper objections to this evidence.

■■ ■ The sheriff had the right to stop Coston's car to ascertain whether he had a driver's license. This does not constitute an arrest, and such detention is not unlawful, where it is done in good faith for that specific purpose. ■■ ■ However, when the officer's primary purpose is not to inspect the license but to search the vehicle, the detention is not in good faith but a mere excuse for a failure to procure a search warrant. Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So. 2d 512 (1963). Here it is manifest that stopping Coston's automobile was a mere pretext to check on him and to search his car. There was no probable cause to arrest him, and no misdemeanor was being committed in the officer's presence. When Coston showed his driver's license and a bill of sale for the car, the sheriff had no further right to detain him. ■■ ■ Taking Coston to the courthouse and detaining him for three hours was an unlawful arrest, which began at the moment of illegal detention on the highway. Gause v. State, 203 Miss. 377, 34 So. 2d 729 (1948); Smith v. State, 240 Miss. 738, 128 So. 2d 857 (1961).

■■ ■ Moreover, even if the arrest were valid, the search of the vehicle about three hours after detention was so remote as not to be reasonably connected in

point of time with the arrest. Smith v. State, *supra;* Fuqua v. State, 246 Miss. 191, 145 So. 2d 152 (1962). Further, the search of the automobile was made without a search warrant, and therefore was unlawful.

Reversed and appellant discharged.

*Kyle, P. J., and Rodgers, Brady and Inzer, JJ.,* concur.