230 So.2d 209 (1970)
Billy Neal KING
v.
STATE of Mississippi.
No. 45647.
Supreme Court of Mississippi.
January 12, 1970.
William F. Watkins, Magnolia, John B. Ewing, McComb, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Wade H. Creekmore, Jr., and James H. Creekmore, Special Asst. Attys. Gen., Jackson, for appellee.
RODGERS, Justice:
The appellant was indicted, along with two other individuals, on a charge of the felonious possession of narcotic drugs, in Pike County, Mississippi. He was granted a severance, and was tried and convicted. He has appealed to this Court from a penitentiary *210 sentence and contends that the trial court committed reversible error in the trial of his case. The facts and circumstances leading to his conviction are shown in the following narration.
The appellant is a thirty-one (31) year old male, white resident of Memphis, Tennessee. On March 19, 1969, he was driving an automobile en route to Pascagoula, Mississippi, in company with the two co-indictees named in the indictment. They reached McComb, Mississippi, where they stopped and made inquiry as to the location of a friend who lived in McComb. They went to a tavern seeking their friend and while they were at the tavern, police visited the tavern, but the appellant and his comrades were not accosted by the police. They then proceeded along the route toward their destination. A short time after they left McComb the appellant and his companions were stopped by the police officers of McComb. Appellant's driver's license was examined but they were permitted to proceed on their journey. They continued several miles down the highway and were again accosted and arrested and charged with switching automobile tags, a misdemeanor charge. They were then escorted back to McComb, Mississippi, where they were incarcerated in the city jail. After the prisoners were safely in jail the officers made a "routine" search of the automobile driven by the appellant. A syringe was found in a brown paper bag under the front seat on the side occupied by the driver of the automobile. Later the next morning a member of the McComb police force again searched the automobile previously driven by appellant. On the second search five (5) morphine pills or tablets were discovered. The officers also discovered that the appellant had certain other medicine (amphetamine) in his possession, but he had a doctor's prescription for this medicine. The police obtained a waiver from the appellant waiving his right to remain silent and right to an attorney, but the testimony shows that at the time the appellant signed the waiver "he was under the influence of something to the effect that we couldn't talk to him." While the appellant was in jail his clothing was taken by the police and examined by an expert who testified that the clothing had miniscule traces of morphine in them. These clothes were offered in evidence.
During the trial the appellant was compelled by the court to exhibit his arm to the jury showing festered bumps on his arm.
The appellant contends that (1) the search of the automobile driven by appellant was an illegal search and the evidence thus obtained was wrongfully admitted in evidence against him; (2) the waiver signed by appellant was not knowingly made, and therefore, all evidence obtained by such waiver was incompetent against appellant; (3) the court wrongfully required the appellant to exhibit his person to the jury.
The record in this case fully justified the criticism of appellant as to the errors made by the officers in their zeal to arrest and search the appellant. It may be well to point out these errors. In the first place, there is serious doubt from the evidence that the McComb police had authority to arrest these persons outside the city of McComb. See Section 2467, Mississippi Code 1942 Annotated (1956); 6 C.J.S. Arrest § 12(b), p. 609 (1937); Boswell v. State, 31 Ala.App. 518, 19 So.2d 94 (Ala. 1944); Nash v. State, 207 So.2d 104 (Miss. 1968); 5 Am.Jur.2d Arrest §§ 18-21, pages 709-711, §§ 50-51, pages 742-743 (1962). It will be noted, however, that Section 2477, Mississippi Code 1942 Annotated (1956), permits pursuit of persons committing crimes in a city but such an arrest must be for a crime for which an officer is authorized to make an arrest without a warrant.
In the second place, after having arrested the appellant outside the city limits, and having incarcerated him in jail, the officers proceeded to search the automobile he was driving without his consent, and without a search warrant, although the officers had ample time to obtain a warrant.
*211 In the next place, one of the officers returned to again search the automobile a second time without bothering to obtain a search warrant. Articles obtained by the officers from the automobile during both searches were introduced in evidence during the trial, against the appellant.
We are of the opinion that the first search of the automobile operated by the appellant without a search warrant by the officers after the appellant was in jail, and after the automobile had been impounded, was not a search incident to an arrest, and that evidence of articles obtained by the search was not admissible in the trial against Billy Neal King. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Barnett v. United States, 384 F.2d 848 (5th Cir.1967); Coston v. State, 252 Miss. 257, 172 So.2d 764 (1965); Smith v. State, 240 Miss. 738, 128 So.2d 857 (1961); Martin v. State, 217 Miss. 506, 64 So.2d 629 (1953).
In the instant case, the second search of the automobile by an officer without having obtained a search warrant permitting the search was also unlawful. This is true even if the officers had had a right to search the automobile as an incident to an arrest at the time the arrest was made. May v. State, 199 So.2d 635 (Miss. 1967). The articles obtained by the second search of the automobile were likewise inadmissible in evidence against the appellant. May v. State, supra; Smith v. State, supra; Barnett v. United States, supra.
The state does not seriously contend that the evidence obtained by the unlawful search in the instant case was admissible over the objection of the defendant. The state does contend, however, that the defendant's appointed counsel made no objection to the introduction of the articles seized by the officers at the time the articles were offered in evidence and therefore defendant waived his constitutional right to object under the rule established by this Court in the Henry case (Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 [1965]).
The rule in the Henry case requires that an objection to illegally obtained evidence must be made in the trial court "before the defendant has offered his evidence or defense." We said, however, in that case:
"* * * Nevertheless if it appears to the trial judge that the foregoing rule of procedure would defeat justice and bring about results not justified or intended by substantive law, the rule may be relaxed and subordinated to the primary purpose of the law to enforce constitutional rights in the interest of justice. * * *" (253 Miss. at 287, 174 So.2d at 351)
The record in the case at bar shows that the defendant requested an instruction of the court directing the jury to acquit the defendant upon the theory that there was no legal testimony on which to base a verdict of guilty.
In the case of Jenkins v. State, 207 Miss. 281, 42 So.2d 198 (1949), this Court held that, where the appellant requested a peremptory instruction after having failed to object to the introduction of an "insufficient search warrant," this Court would treat the question as if the appellant had made timely objection.
Because of the unusual facts shown by the state of the record in this case, we are of the opinion this case should be reversed and remanded for a new trial without the use of illegally obtained evidence.
The reversal of this case does not in any wise abrogate or change the rule in the Henry case, supra.
We are of the opinion that the defendant was not prejudiced by being required to exhibit his arm to the jury while he was on the witness stand testifying in his own defense. The appellant voluntarily took the witness stand and, being a witness, he was required to answer questions on cross examination related to the issue. *212 McCormick on Evidence § 131, page 274 (1954); 8 Wigmore on Evidence § 2265 (McNaughton rev. 1961), page 386; Tyson v. State, 237 Miss. 149, 112 So.2d 563 (1959); People v. Widener, 220 Cal. App. 826, 34 Cal. Rptr. 130 (1963).
We hold, therefore, that this case must be reversed so that appellant may be tried anew without the use of inadmissible evidence obtained by an unlawful search.
Reversed and remanded.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.