**UNITED STATES of America,
Appellee,**

v.

**Michael J. McNAMARA, Defendant,
Appellant.**

**No. 7357.**

United States Court of Appeals
First Circuit.

Jan. 21, 1970.

Certiorari Denied April 20, 1970.
See 90 S.Ct. 1403.

**500**

Chester C. Paris, Boston, Mass., by appointment of the Court, for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

■ This is an appeal from a judgment of conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), following the same trial discussed by us in detail in United States v. DeLeo, 422 F.2d

487 (1st Cir. 1970), filed this date. Appellant raises two issues. The first is whether the indictment, using the statutory words "force", "violence", and "intimidation", and omitting, as does the statute, any separate reference to felonious intent, was fatally defective. We hold that it was not, for reasons stated in United States v. DeLeo, *supra*.

■ The second question is whether the identification testimony of one of the bank tellers, Mrs. Doherty, was properly admitted. She had extensive opportunity to observe the robber for five minutes under well lighted conditions. She gave a nearly contemporaneous detailed description to investigators. She rejected all of the photographs shown her several hours after the robbery; appellant's picture was not among them. The day after the robbery she identified appellant's picture from a fair spread of photographs, saying she thought it was of the robber, but, the face appearing fuller than she remembered, having seen the robber at an angle, she requested other pictures of the same person.

Appellant raises no objection thus far but challenges the subsequent showing to Mrs. Doherty of two colored photographs of appellant which she positively identified. This is very similar to the circumstances which we have discussed in relation to Officer Walsh's identification in United States v. DeLeo, *supra*. The difference lies only in the initial reservation expressed by Mrs. Doherty. But she specifically attributed her uncertainty to the difference in angles of view. Because it was Mrs. Doherty rather than the police who had directed the focus on appellant, there was not the hazard of initial misidentification stimulated by a suggestive presentation of suspects which was present in Foster v. California, 394 U.S. 440, 443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969). *See* Simmons v. United States, 390 U.S. 377, 385, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). A spread of photographs or even a line-up would concededly have insured against any possible suggestiveness. But the totality of the other circumstances present here—the

witness's opportunity to observe the robber, her detailed description of him, her care both in rejecting the first group of photographs and in pointing out the specific difference between appellant's photograph and her recollection of the robber, her own request for additional photos of appellant, and her forthright courtroom identification—compels us to hold that her viewing of the two colored photographs was not unnecessarily conducive to irreparable mistaken identification. Foster v. California, *supra*, 394 U.S. at 442, 88 S.Ct. 967; Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *see* Simmons v. United States, *supra*, 390 U.S. at 384, 88 S.Ct. 967, and United States v. DeLeo, *supra*.

Affirmed.