**Raymond J. BUTLER, Petitioner,**

**v.**

**Allan L. ROBBINS, Warden, Maine State Prison, Respondent.**

**Civ. No. 11–99.**

United States District Court, D. Maine, S. D.

Aug. 6, 1970.

**322**

Paul F. Zendzian, Bangor, Me., for petitioner.

Garth Chandler, Ass't. Atty. Gen., Augusta, Me., for respondent.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 et seq. Petitioner, Raymond J. Butler, is serving a 10 to 30 year sentence at the Maine State Prison. The sentence was imposed by the Kennebec County Superior Court on June 28, 1968, upon his conviction, following a jury trial, for armed robbery. Prior to his trial, petitioner filed a motion to suppress identification testimony by his alleged victim, on the ground that such testimony was fatally tainted by a pre-arrest confrontation, arranged by the police, without the presence of counsel. Petitioner claimed violations of both his Sixth Amendment right to counsel, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and his Fourteenth Amendment right to due process of law, Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).[1] The trial court denied the motion to suppress, and upon appeal, the conviction was affirmed, State v. Butler, 256 A.2d 588 (Me.1969).

The present petition was filed in this Court on March 5, 1970. Petitioner has been permitted to proceed *in forma pauperis*, and counsel has been appointed to represent him. It is stipulated that petitioner has presented the federal constitutional questions which he now raises to the highest court of the State of Maine, and that, having obtained an adverse ruling from that court, he has exhausted his available state remedies with respect to these questions, as required by 28 U.S.C. § 2254(b). The parties have further agreed that petitioner's right to habeas relief in this Court be determined, without a further evidentiary hearing, upon the state court record.

For the reasons which follow, the Court has concluded that petitioner is not entitled to the writ.

### I

The facts of this case, which appear to be uncontroverted, are unique among the reported cases. On Friday, March 29, 1968, an armed robber, the lower part of his face covered by a kerchief, entered the St. Francis de Sales Credit Union in Waterville, Maine, and at gunpoint took $524.00 from the sole occupant of the office, the manager, Mr. Cabana. The whole event took between three and five minutes. For all but a few seconds, Cabana directly observed the robber. Within ten minutes of the crime, Cabana had arrived at the local police station and had given a short description of the thief. Shortly thereafter, the police had furnished Cabana with 12 police photographs of young men, the identity of each being known to the police but not to Cabana. Cabana immediately identified a photograph of petitioner as his assailant, noting that although his assailant's hair had been shorter than petitioner's hair in the photograph, the eyes, nose and forehead were the same. Cabana asked, however, if he might see the man in person, so that he could be certain of his identification.

After one abortive attempt to arrange to have Cabana observe petitioner,[2] the

---

1. The confrontation occurred subsequent to the *Wade* and *Gilbert* decisions, thus making both the Sixth and Fourteenth Amendment arguments applicable. Stovall v. Denno, *supra*.

2. On the following Monday, April 1, Cabana and two police officers cruised around Waterville looking for petitioner, but failed to spot him.

police learned that he was due to report to a probation officer at the City Hall on the following Wednesday. When petitioner reported, the probation officer notified the police, who telephoned Cabana to come to the building. Upon his arrival at the City Hall, Cabana was asked to walk down a corridor adjacent to the probation office and to see if he recognized anyone. Cabana did so and saw in the probation office petitioner and the probation officer, a man of much larger build than petitioner, who were the lone occupants of the room. Cabana then returned to the police office on another floor and reported to the Police Chief that petitioner was indeed the man who had robbed him. At the Chief's suggestion, Cabana returned to the corridor and obtained a closer view of petitioner as he came out of the probation office. Cabana again stated that petitioner was definitely the man. Thereupon, the police obtained a warrant and arrested petitioner. At the trial, Cabana both identified petitioner as the robber and testified to his pretrial identifications.

## II

Petitioner contends that his City Hall identification by Cabana, in the absence of counsel, was in violation of his constitutional rights to counsel and to due process of law. In support of his position, he relies on the trilogy of cases decided by the Supreme Court on June 12, 1967, United States v. Wade, *supra*; Gilbert v. California, *supra*, and Stovall v. Denno, *supra*, and on those subsequent cases which have applied the principles of the trilogy to pre-arrest confrontations. Long v. United States, 424 F.2d 799, 801–803 (D.C. Cir. 1969); Commonwealth v. Guillory, Mass., 254 N.E.2d 427 (1970); *cf*. Rivers v. United States, 400 F.2d 935, 939–941 (5th Cir. 1968) (pre-indictment confrontation). Respondent, on the other hand, argues that confrontations occurring prior to arrest do not fall within the rules announced in Wade, Gilbert and Stovall, at least where the proceedings have not yet gone beyond the investigatory stage. For this proposition, respondent cites United States v. Davis, 399 F.2d 948, 950–952 (2d Cir.), cert. denied, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 449 (1968), and Commonwealth v. Bumpus, 354 Mass. 494, 500–501, 238 N.E.2d 343, 345–347 (1968), cert. denied, 393 U.S. 1034, 89 S.Ct. 651, 21 L.Ed.2d 579 (1969). The Court, however, does not reach the question thus presented, for it is persuaded that *Wade, Gilbert* and *Stovall* are inapplicable to the quite different circumstances of this case.

Unlike any of the cited cases, the confrontation between petitioner and Cabana took place as the result of a request from Cabana to see a specific individual whom he had *already* identified as the robber. The rationale of the *Wade, Gilbert* and *Stovall* rules would not be served by holding that a confrontation arranged under such circumstances violates Sixth or Fourteenth Amendment rights. Although the Supreme Court has stated that the courts must scrutinize "*any* pretrial confrontation of the accused" to determine whether potential prejudice to his rights was present. United States v. Wade, *supra*, 388 U.S. at 227, 87 S.Ct. at 1932, the Court has also made it clear that the requirement of counsel is necessary to neutralize suggestive practices by the police which might result in a mistaken identification. *Id*. at 228–239, 87 S.Ct. 1926. But in this case the shoe is on the other foot: the victim, on the basis of a photographic identification, the fairness of which is not challenged, informed the police that *he* would like to see a particular person. The police, having no grounds at the time to suspect any one individual, could not reasonably be expected to refuse this request. *Cf*. Biggers v. Tennessee, 390 U.S. 404, 407, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968) (Douglas, J. dissenting) ("The police suspect *this* man"). Quite plainly, the risks of suggestion at which the rules of *Wade, Gilbert* and *Stovall* are directed were not present in this case. As recently said by the Supreme Judicial

Court of Massachusetts, Commonwealth v. Bumpus, *supra*, 354 Mass. at 501, 238 N.E.2d at 347 (Cutter, J.), "This is an area where proper police protection of the public may be greatly embarrassed by rigid rules restricting intelligent, fair police action. Such action must be appraised with commonsense appreciation of the problems which confront policemen * * *."

The uncontroverted facts, outlined above, lead inescapably to the conclusion that this confrontation was not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [petitioner] was denied due process of law." Stovall v. Denno, *supra*, 388 U.S. at 302, 87 S.Ct. at 1972; *cf.* Simmons v. United States, 390 U.S. 377, 382–386 (1968); Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970).

Since the Court concludes that *Wade, Gilbert* and *Stovall* do not cover this case, the petition is dismissed and the writ denied.

It is so ordered.