434 F.2d 187
 Robert J. CEFALO, Petitioner,
v.
John J. FITZPATRICK, Commissioner of Department of
Correction, and Philip J. Picard, Superintendent,
Massachusetts Correctional Institution
at Norfolk, Respondents.
 Misc. No. 427.
 United States Court of Appeals, First Circuit.
 Nov. 10, 1970.
 
 Alfred Paul Farese, Everett, Mass., for petitioner upon request and memorandum in support thereof.
 Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner's proposed appeal from a dismissal of his petition for habeas relief raises questions concerning the operation of the Wade rule at trial. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Petitioner contends that the state trial court erred in excluding his questions to the eyewitness during the pre-trial hearing on his Wade based motion to suppress and in denying such motion and a subsequent motion for mistrial at the trial in chief. We disagree.
 
 
 2
 The witness to the robbery for which petitioner was charged identified petitioner at what was apparently a coincidental confrontation near the entrance to the police station.[1] The Massachusetts Supreme Judicial Court in reviewing the conviction, assuming arguendo that the in-custody identification was illegal,[2] found an independent source for the witness' in-court identification, i.e., the witness' direct observation of the robber at the time of the crime. Commonwealth v. Celfalo, 1970 Adv.Sh. 507, 257 N.E.2d 921. It was to this very issue, the opportunity of the witness to view the robber under the circumstances of the crime, that petitioner's excluded questions were directed at the pre-trial hearing.
 
 
 3
 The Wade decision invites attention to two issues with respect to questioned identifications. The court must determine initially whether the identification encounter falls within the tainted zone circumscribed by Wade. Even if the identification procedure is ruled 'tainted', the witness may still make an in-court identification if the prosecution carries its burden to prove by 'clear and convincing evidence that the in-court identification (was) based upon observations of the suspect other than the (tainted) identification.' Wade, supra, 388 U.S. at 240, 87 S.Ct. at 1939.
 
 
 4
 In the case at bar, the motion to suppress was strictly limited to the identification arising from the police station encounter. The court, therefore, limited its inquiry to that incident alone and precluded petitioner from pursuing an investigation of the circumstances surrounding the robbery itself. The court was appropriately moved by Massachusetts decisions condemning a 'far ranging and free wheeling expedition (at a hearing on a motion to suppress) which the defendant (would be) able to search out all the evidence, physical and testimonial, which the Commonwealth had against the defendant.' Commonwealth v. Roy, 349 Mass. 224, 227, 207 N.E.2d 284, 285 (1965) (search and seizure). The Supreme Judicial Court in the Roy case expressly cautioned state trial courts as to open-ended questioning in a pre-trial hearing: 'In the absence of a clear showing of unusual circumstances that the procedure is warranted, it should not be permitted.' Roy, supra at 227, 207 N.E.2d at 286.
 
 
 5
 At that pre-trial stage, considering the scope of the motion before the court, questions as to independent origin were irrelevant and properly excluded. We note that petitioner was given wide latitude at trial to cross-examine the identifying witness as to her ability to observe at the time of the robbery. The free rein given on cross-examination obviates any possible prejudice to petitioner with respect to the independent origin issue. Adequate opportunity was afforded to both prosecution and defense to present their versions of the circumstances of the crime, the source of the in-court identification.
 
 
 6
 The testimony of the witness at trial, both on direct and cross-examination, and the record as a whole, support a conclusion that the identification was of independent origin. At the time of the crime, the witness observed the robber for a half-minute to a minute from a distance of approximately four and one-half feet.[3] She noted his hair, complexion, and clothing. Her detailed description of the robber given to police within twenty minutes of the crime substantially fitted that of petitioner. United States v. McNamara, 422 F.2d 499, 500 (1st Cir. 1970) cert. denied, 397 U.S. 1056, 90 S.Ct. 1403, 25 L.Ed.2d 674. The trial itself took place only four months subsequent to the robbery. Cf. United States v. Zeiler, 427 F.2d 1305, 1308 (3d Cir. 1970). The totality of circumstances represented by these facts is sufficient under Wade to meet the government's burden as to the source of the in-court identification. With respect to the testimony of the witness concerning the police station encounter, considering the abundance of evidence against petitioner, admission of such testimony was harmless error beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
 
 
 7
 The request for a certificate of probable cause is denied.
 
 
 
 [1]
 As the police cruiser in which the witness was being driven approached the station, three men, handcuffed together, were led out of the station into a patrol wagon. The witness spontaneously identified petitioner, one of the three men, as the robber. No allegation is made that the encounter was pre-arranged
 
 
 [2]
 We accept this assumption for purposes of this review but would not wish to be understood as saying that were the confrontation truly fortuitous, and devoid of the suggestive factors noted as impermissible in Wade, there would be any doubt as to its legality
 
 
 [3]
 Compare United States v. Terry, 137 U.S.App.D.C. 103, 422 F.2d 704, 709 (1970) and Hawkins v. United States, 137 U.S.App.D.C. 267, 420 F.2d 1306, 1308 (1969) with Long v. United States, 137 U.S.App.D.C. 311, 424 F.2d 799, 804 (1969)