Raymond J. BUTLER, Petitioner,

v.

Allan L. ROBBINS, Warden, Maine State
Prison, Respondent.

Misc. No. 421.

United States Court of Appeals,
First Circuit.

Nov. 18, 1970.

Paul F. Zendzian, Bangor, Me., for petitioner upon request and memorandum in support thereof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner, a Maine state convict, requests a certificate of probable cause to appeal from an order of the district court denying a writ of habeas corpus under 28 U.S.C. § 2241, et seq. Petitioner was convicted for the March 1968 armed robbery of a credit union. Immediately subsequent to the crime, the credit union's manager, who had personally observed the robbery, identified petitioner's photograph at the police station from among a bundle of unmarked mugshots of eleven individuals supplied by police. Upon request of the manager to see petitioner "in the flesh" to "supplement his identification", the police orchestrated an informal encounter.[1] At trial the manager identified petitioner as the robber and testified as to the two-step identification procedure. The jury's verdict of guilty was affirmed on appeal to the Maine Supreme Judicial Court. State v. Butler, 256 A.2d 588 (Me.1969).

The federal district court denied petitioner's request for habeas relief based on its conclusion that the second stage in-person identification encounter did not fall within the rule of *Wade* trilogy, *supra*, n. 1, because the identifying witness, and not the police, had request-

---

1. This confrontation occurred subsequent to the decisions in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), which were applied prospectively by Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

ed the personal confrontation, thus avoiding the "risks of suggestion at which the rules of Wade, Gilbert and Stovall are directed. * * *", Butler v. Robbins, 316 F.Supp. 321, p. 323 (D.Me.1970).

We hesitate to accept as a rule of law the principle that a personal confrontation arranged by the police at the behest of a witness cannot reflect a violation of the rights of the suspect. We can imagine a situation involving a wavering witness and a highly suggestive in-person encounter arranged at his request which would clearly fall within the *Wade* rule. The fact that the initiating party is the witness and not the police may, however, in some cases mitigate against the suggestive hazards of the secondary confrontation. *Cf.* United States v. McNamara, 422 F.2d 499, 500 (1st Cir. 1970); United States v. DeLeo, 422 F. 2d 487, 497 (1st Cir. 1970) (pre-*Wade* request by witness to see more pictures of the suspect). In the case at bar, however, we do not need to discuss the precise implications of such a factor.

In *Gilbert* the Supreme Court analyzed the in-court identification and the testimony about the possibly tainted encounter separately as analytically distinctive issue. Gilbert v. California, supra, 388 U.S. at 272–274, 87 S.Ct. 1951. The record in the case at bar demonstrates by "clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." United States v. Wade, supra, 388 U.S. at 240, 87 S.Ct. at 1939. Furthermore, looking at the record as a whole, we can say that testimony admitted into evidence as to the possibly tainted encounter was harmless error beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

At the time of the crime in question, the manager directly observed the robber for three to five minutes at close quarters. He noted, in particular, the robber's eyes and nose. Within minutes of the robbery, the manager of the credit union clearly and without hesitation identified petitioner as the robber from among the full range of photographs presented to him by police.[2] The identification at that point was definite, certain and not procured by any suggestive police practice. Simmons v. United States, *supra*, n. 2, 390 U.S. at 384, 88 S.Ct. 967. The record here, unlike those in Wade, *supra*, 388 U.S. at 242, 87 S.Ct. 1926 and *Gilbert, supra*, 388 U.S. at 272, 87 S.Ct. 1951 does permit an informed judgment as to the independent origin of the witness' identification. *Cf.* Hoffa v. United States, 385 U.S. 293, 309, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). The manager's request to view the petitioner in person was merely as a cautionary "supplement" to his initial independent identification.

The brief mention at trial as to the possibly tainted personal encounter was only an insignificant portion of the manager's testimony. He related in detail the facts of the robbery itself and testified at length as to the procedures used in identifying petitioner from among the photographs presented to him at the police station. Considering the abundance of untainted direct evidence against the petitioner, we are "able to declare a belief that it was harmless error beyond a reasonable doubt", Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L.Ed.2d 705 (1967), to allow the possibly tainted evidence of

2. The procedure employed by the police in this instance was commendable. The manager was handed a group of twelve photographs of eleven men of approximately the same age and facial features. The repeat photo was not of petitioner. The manager was told to examine the photos without turning them over to see the information noted on the reverse side. The petitioner's photograph was without special prominence or suggestive markings. Such a police procedure complies with the suggestions of the Supreme Court in Simmons v. United States, 390 U.S. 377, 386, n. 6, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

the personal confrontation to come before the jury. Harrington v. California, *supra.*

The request for a certificate of probable cause is denied.