413 So.2d 1042 (1982)
Anthony Henry HYDE
v.
STATE of Mississippi.
No. 53424.
Supreme Court of Mississippi.
May 19, 1982.
*1043 Richard W. Hamilton, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Jackson County wherein Anthony Henry Hyde, defendant/appellant, was indicted, tried and convicted upon a charge of rape. Upon conviction, Hyde was sentenced to a term of twenty-five years in the Mississippi Department of Corrections after the jury failed to affix his punishment at life. We affirm.
On October 23, 1980, appellant and his brother Michael Hyde, drove to 4027 West Pine Street in Moss Point, Mississippi, between 10:00 and 10:30 a.m. According to appellant and his brother, the purpose of this visit was to purchase marijuana from Elliot Lett, the occupant of the house, so appellant would have something to smoke during a bus ride to Chicago.
Appellant parked his automobile in Lett's front yard and then proceeded to the door. The prosecutrix, Lett's 17-year-old live-in companion, answered the door and informed appellant Lett was at school and would not be home until 12:00 p.m. Appellant then left.
Appellant returned to Lett's house alone approximately one hour later. When the prosecutrix told appellant Lett had not returned home, appellant forced his way into the house, wielding a gun. He began ransacking the house asking the prosecutrix where Lett kept his dope. When appellant was unable to find any drugs, he grabbed the prosecutrix. After a brief struggle, the appellant forced himself upon the prosecutrix and raped her.
When Lett arrived home, he found his house in shambles and the prosecutrix crying in the bedroom. Lett took her to his grandmother's house, which was next door, where she bathed, and the police were summoned.
The prosecutrix identified appellant from nine photographs as the person who raped her. An examination at the Singing River Hospital that afternoon revealed that she had recently engaged in sexual intercourse. Hair samples taken from the appellant and the prosecutrix's clothing were compared in the F.B.I. laboratory. All twenty individual characteristics identified in appellant's hair matched the characteristics of the hair taken from the victim's clothing.
Appellant voluntarily surrendered to the police on November 11, 1980, shortly after returning from Chicago. He denied that it was he who raped the prosecutrix.

I. Was the verdict of the jury against the overwhelming weight of the evidence?
In Sadler v. State, 407 So.2d 95 (Miss. 1981), this Court stated:
Among the alleged errors assigned is that the trial court should have sustained Sadler's motion for a new trial on the ground that the jury verdict was not supported by sufficient credible evidence.
Considering the evidence, as we must, in the light most favorable to the state and accepting as true the evidence supporting or tending to support the verdict, with all inferences supportive of the verdict that reasonably may be drawn therefrom, we find no merit in this contention. Glass v. State, 278 So.2d 384 (Miss. 1973). In Spikes v. State, 302 So.2d 250 (Miss. 1974), this Court said:
"On appeal, in this situation, in passing upon the sufficiency of evidence to support a verdict, this Court must accept as *1044 true the evidence which supports the verdict. Murphree v. State, 228 So.2d 599 (Miss. 1969). [302 So.2d at 251]."
The resolution of such conflicts as there were in the evidence in this case, was peculiarly for the jury. In Hankins v. State, 288 So.2d 866 (Miss. 1974), it was said:
"In Evans v. State, 159 Miss. 561, 132 So. 563 (1931), we stated:
`We invite the attention of the bar to the fact that we do not reverse criminal cases where there is a straight issue of fact, or a conflict in the facts; juries are impaneled for the very purpose of passing upon such questions of disputed fact, and we do not intend to invade the province and prerogative of the jury. (159 Miss. at 566, 132 So. at 564)'" (407 So.2d at 97)
The evidence in the case at bar was conflicting. The state's evidence tended to prove that appellant committed the rape, while he denied he committed the offense. The testimony of the prosecutrix was corroborated by the testimony of Vicki Lowery who saw appellant at Lett's house on two occasions on the day the rape occurred, and also by Elliot Lett, Kenneth Smith and detective Gary Jones' testimony as to the condition of the house following the rape. The prosecutrix positively identified appellant as her attacker. The rape examination revealed scratches and scrapes around the prosecutrix's neck as well as evidence of recent sexual intercourse. Moreover, hair samples taken from the prosecutrix's clothes compared remarkably with hair samples taken from appellant's head.
The conflict in the evidence was for the jury's resolution. The evidence was more than sufficient to support the verdict of the jury.

II. Did the trial court err in failing to grant a mistrial when the district attorney caused appellant to display the condition of his teeth to the jury?
Appellant, during cross-examination, was asked by the district attorney to step down from the witness stand and display the condition of his teeth to the jury. On appeal, he argues the effect of this action was to bolster the state's case and prejudiced the jury against him due to the fact that there was no evidence before the jury as to the condition of the assailant's teeth.
In King v. State, 230 So.2d 209 (Miss. 1970), which involved felonious possession of narcotic drugs, defendant, after taking the witness stand, was compelled to exhibit his arm to the jury, showing festered bumps on his arm. We stated:
We are of the opinion that the defendant was not prejudiced by being required to exhibit his arm to the jury while he was on the witness stand testifying in his own defense. The appellant voluntarily took the witness stand and, being a witness, he was required to answer questions on cross examination related to the issue. McCormick on Evidence § 131, page 274 (1954); 8 Wigmore on Evidence § 2265 (McNaughton rev. 1961), page 386; Tyson v. State, 237 Miss. 149, 112 So.2d 563 (1959); People v. Widener, 220 Cal. App.2d 826, 34 Cal. Rptr. 130 (1963). (230 So.2d at 211-12).
Appellant having voluntarily taken the witness stand in his own defense was not prejudiced by being required to exhibit the condition of his teeth to the jury.
Based on the foregoing, this case is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DARDEN, JJ., concur.