JAMES H. MARSHALL vs. FRANK CLEAVER.

*False  imprisonment—Peace  officer—County  constable—Arrest  without  warrant ;  When  made—Drunkenness—Probable  or · reasonable  ground  for  arrest—Damages— Exemplary  or  punitive  damages.*

1.  A peace officer, such as a county constable, may arrest a  person  without a warrant for an offense committed in the presence and view of  such  officer,  for  which he would have a right to  make  the  arrest  with  a  warrant,  if  committed  out  of  his . presence.   Such arrest, however, must be made at the time of the commission  of  the offense, or in the immediate pursuit of the offender.

2.  *Section 16 of Chapter 646, Laws of Delaware, Revised Code 414,* expressly authorizes arrest without warrant, of any person found drunk or excited by liquor and noisy, in the street, highway, or other public place of the county.

3. Where an arrest is made without a warrant, the burden is upon the officer to show reasonable ground for the arrest.

4. False imprisonment is the unlawful detention of the person of another against his will. The gist of the action is the unlawful detention.

5. Measure of damages.

6. Exemplary or punitive damages, when given.

*(December 8, 1903.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*John H. Rodney* and *John H.` Rodney, Jr.*, for plaintiff.

*T. Bayard Heisel* for defendant.

Superior Court, New Castle County, November Term, 1903.

ACTION ON THE CASE (No. 22, November Term, 1902), to recover damages for false imprisonment.

The facts appear in the charge of the Court.

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action to recover damages for false imprisonment.

The plaintiff alleges that on the sixth day of September, 1902, he was assaulted and arrested by the defendant, without any reasonable cause, and compelled to go along the public streets to a lockup in the town of Delaware City, in this county, where he was imprisoned and detained until the morning of the next day, whereby he was greatly hurt, exposed and· injured in his credit and circumstances.

The defendant admits the arrest and imprisonment, but justifies his action upon the ground that at that time he was a county constable and peace officer of this county, that in pursuance of his

duty as such peace officer, he arrested and imprisoned the plaintiff for violations of law committed in his presence, and detained him in the lock-up until he could be taken before a justice of the peace for a hearing.

The special pleas of justification on the part of the plaintiff are five.

Three of them aver that the plaintiff was drunk in the street, public place, and highway in the town of Delaware City in this county. The fourth alleges that there was danger of a breach of the peace being committed by the plaintiff. Fifth, that the plaintiff committed an assault upon the defendant, who was then a constable of this county.

It is claimed that all these alleged offenses occurred in the presence and view of the defendant.

It is admitted that the arrest was made without a warrant.

It is well settled that a peace officer, such as a county constable may arrest a person without a warrant for an offense committed in the presence and view of such officer, for which he would have a right to make the arrest with a warrant, if committed out of his presence.

*Section 16 of Chapter 646 Laws of Delaware, Revised Code, 414,* expressly authorizes the arrest without warrant, of any person found drunk or excited by liquor and noisy, in the street, highway or other public place of the county.

An arrest by a peace officer, without warrant, can only be made where the offense is committed in his presence and view, and must be made at the time of the commission of the offense, or in the immediate pursuit of the offender.

Where an arrest is made without a warrant, the burden is upon the officer to show reasonable ground for the arrest.

Your inquiry should be directed in this case as to whether the defendant has shown reasonable or probable cause for the arrest and imprisonment of the plaintiff. If he has not, he will be liable for false imprisonment.

False imprisonment is the unlawful detention of the person of another against his will. The gist of the action is the unlawful detention.

If you are satisfied from the evidence that at the time of the arrest and imprisonment of the plaintiff, he was found drunk on the streets of Delaware City, or was engaged in, or threatened a breach of the peace, or committed an assault upon the defendant, being a peace officer, without just cause, then your verdict should be for the defendant. In such case, it was not only the right, but the duty of the defendant as a peace officer to make the arrest.

But if you believe from the evidence that at that time the plaintiff was committing none of these offenses, or that the defendant had not reasonable or probable grounds for believing that he was so doing, or for the arrest and imprisonment of the plaintiff, your verdict should be for the plaintiff, and for such a sum as will compensate him for any injuries you may believe him to have sustained as the result of such false imprisonment, including therein whatever he may have suffered by reason of the indignity, shame, humiliation or disgrace attending such false imprisonment.

If you further believe, from the evidence, that the arrest and imprisonment were made maliciously or wantonly by the defendant, you may give exemplary or punitive damages. You will not be justified in giving exemplary or punitive damages, however, unless you are satisfied that the defendant in making the arrest acted maliciously or wantonly.

Verdict for plaintiff for $30.