**BOSWELL v. STATE.**
1 Div. 473.

Court of Appeals of Alabama.
June 30, 1944.

Rehearing Denied Aug. 22, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appellant was a police officer of the City of Mobile engaged in the collection of tolls required by law to be collected from

Hybart & Chason, of Bay Minette, and Gordon & Gordon, of Mobile, for appellant.

those who used the tunnel under the river. One entrance to the tunnel was in Mobile County near the Baldwin County line.

The appellant claimed that the deceased violated an ordinance of the City of Mobile regulating and fixing tolls and that he arrested the deceased, who temporarily submitted to arrest and then escaped by putting the automobile in which he was riding in gear and driving off before the appellant could prevent him from doing so. Whereupon appellant arranged with another toll taker to relieve him and got in his car and started in pursuit of the deceased and overtook him in Baldwin County where the killing occurred.

In an attempt to justify his pursuit of the deceased, appellant undertook to show that he was instructed that it was his duty to go into Baldwin County under the circumstances stated. The State objected and in sustaining the objection the trial court announced:

"Well, I will hold he had no right to go into Baldwin County, any how as a peace officer. I am going to hold that under the facts in this case it appears to be the contention of the defendant that the defendant was pursuing the deceased as an officer for an alleged offense committed in his presence and that when he got at least to the County line his authority as an officer ceased, and I can't see by any stretch of the imagination that when he reached the County line there could be any hocus pocus magic change in the capacity in which he pursued him, and invested him, as a private citizen, with more authority than he had as an officer; and I will give you an exception."

In the court's oral charge the ruling was elaborated in this language:

"Now, I charge you further, gentlemen, that under the facts in this case, the defendant had no right to pursue the deceased in Baldwin County, and that, either as an officer or as a private citizen, his authority ceased at the Baldwin County, line, and that he had no right to pursue him further in this County and effect his arrest for the supposed or alleged offense against the ordinance of the City of Mobile."

The court also refused some written charges requested by appellant to the effect that the appellant had the lawful right to pursue and arrest the deceased in Baldwin County for an offense committed in appellant's presence if appellant was in immediate pursuit of the deceased.

These rulings are assigned for error and present an important question.

In the absence of a statute the general rule is that a peace officer when acting without a warrant may arrest in his official capacity only within the limits of the geographical or political sub-division of the State of which he is an officer. 6 C.J.S., Arrest, p. 609, § 12. The legislature may enlarge or diminish the authority to arrest. In Title 15, Section 152, Alabama Code 1940, it is provided:

"An arrest may be made, under a warrant, or without a warrant, by any sheriff, or other officer acting as sheriff, or his deputy, or by any constable, acting within their respective counties, or by any marshal, deputy marshal, or policeman of any incorporated city or town, within the limits of the county."

And in Section 162 of the same Title it is provided:

"If a person arrested escapes or is rescued, he may be immediately pursued by the officer or person in whose custody he was, and retaken at any time, and in any place in the state, and if such officer or person is refused admittance, after notice of his intention, he may break open an outer or inner door or window of a dwelling house, in order to retake the person so escaping or rescued."

Construing these Sections together, we are constrained to hold that a policeman of an incorporated city who arrests a person is entitled to pursue the person arrested if such person escapes and the pursuit is immediately undertaken and continues the pursuit until the escapee is overtaken and when overtaken may arrest the escapee in any place in the State as the statute provides.

The several rulings of the trial court were not in accord with the statute as we interpret it. As a result, we are of the opinion that the judgment should be, and the same is hereby reversed and the cause remanded.

It would be improper to discuss the other questions assigned for error. They may not arise on the subsequent trial.

Reversed and remanded.