CITY OF TROY, APPELLEE, *v.* CUMMINS, APPELLANT.

(No. 547—Decided March 18, 1958.)

*Mr. William M. Dixon,* city solicitor, for appellee.
*Mr. Forrest L. Blankenship,* for appellant.

*Per Curiam.* Defendant, appellant herein, appeals from a judgment of the Common Pleas Court affirming the sentence of the defendant on conviction of the offense of driving an automobile while under the influence of intoxicating liquor, in violation of an ordinance of the city of Troy, Ohio.

The defendant assigns the following errors, which are discussed and commented upon at length in his brief:

"1. The trial court erred in over-ruling the motion of the defendant filed on August 4, 1956, before the jury was impaneled and sworn, and renewed at the conclusion of the plaintiff's case and at the conclusion of all the evidence in the case for the dismissal of the defendant from custody and from all further proceedings in said case for the reason that the undisputed facts and testimony shows the defendant was forcibly arrested and taken into custody by police officers of the city of Troy, Ohio, without a warrant, on Sunday, July 8, 1956, for an alleged violation of an ordinance of the city of Troy, Ohio, and was not charged thereafter with a violation of any offense constituting treason, felony or breach of the peace, within the purview and effect of Section 2331.12, Ohio Revised Code, and in violation of the privilege and immunity of the defendant from arrest at said time, pursuant to said provision of law.

"2. That the trial court erred in over-ruling objections of the defendant, and in admitting into evidence, testimony of alleged acts and conduct of the defendant in interrogation of witnesses for the plaintiff by plaintiff's counsel and admitting into evidence improper and unsupported matters, suggestions and opinions as evidence against the defendant; and that the court further erred in admitting into evidence the alleged acts and conduct of defendant, as evidence, in no way relevant to the issues.

"3. That the verdict of the jury resulted from passion and prejudice resulting from the improper rulings and charge of the court.

"4. That said verdict is not sustained by the weight of the evidence, and is contrary to law.

"5. That the trial court in its rulings and orders during the trial, and in its charge, abused its discretion in the commission of the errors hereinbefore set forth, and as further exemplified by the record, as a matter of law, and to the substantial prejudice of the defendant-appellant.

"6. That the court abused its discretion, and committed error, as a matter of law, in submitting an improper form of verdict for the use of the jury, by reason of which the jury was confused and misled, to the prejudice of the defendant, and for further error, over objections of defendant's counsel, in re-

ceiving and entering the verdict, all of which was duly excepted to by the defendant.

"7. For all other errors of law, prejudicial to the defendant, and except to by him, apparent on the transcript of docket and journal entries or the bill of exceptions herein, and not specifically set forth or assigned herein, by reason of which the defendant was prejudiced and prevented from having been afforded a fair trial."

The appellee elects to file no brief. This is unfortunate because the questions raised are of such moment as to merit briefs from both parties.

The first error assigned challenges the right of the officers of the plaintiff to arrest the defendant on the charge specified, contending the arrest was in violation of Section 2331.12, Revised Code. Without extended comment upon this claim, we hold that the charge in this case, driving an automobile while intoxicated, if true, comes within the exception of Section 2331.13, Revised Code, in that it is a breach of the peace. 5 Words and Phrases (Perm. Ed.), 763-768; 7 Ohio Jurisprudence (2d), 689, Section 1 et seq.; Ex Parte Carroll, 12 W. L. B., 9, 9 Dec. Rep., 261.

The second assignment is directed to the ruling of the trial judge in the admission and rejection of evidence during the progress of the trial. We have examined the record and, with the exception of the testimony respecting former arrest of defendant and the reception of the record of his arrest and conviction of a former charge of driving an automobile while under the influence of intoxicating liquor, no prejudicial error appears.

We later discuss this aspect of the evidence.

The third, fourth and fifth assignments, that the verdict resulted from passion and prejudice, is not sustained by the weight of the evidence and is contrary to law, and abuse of discretion by the trial judge in rulings and orders during the trial to the prejudice of the defendant, are not sustained.

The sixth assignment is that the court erred in receiving the form of verdict returned by the jury.

The affidavit in this case charged that "Arthur W. Cummins unlawfully did, then and there, operate a motor vehicle in and upon the public roads and highways of the state of Ohio, and the streets and ways of the city of Troy, Ohio, while under

the influence of intoxicating liquor, contrary to and in violation of Ordinance Number 731.01 of the city of Troy, Ohio.''

The verdict returned, which carries the style of the action, reads:

"Offense: Driving while under the influence of intoxicating alcohol. We, the jury in this case, find the defendant, Arthur W. Cummins, guilty of the offense charged in the complaint.''

Appellant insists that there is no offense in Ohio of driving while under the influence of "intoxicating alcohol" and that the verdict does not respond with sufficient clarity to the complaint.

We are not in agreement with the contention of appellant. The verdict is a finding that the defendant is guilty of the offense charged in the complaint, which was specific and correct under the statute. The variance is not fatal.

The ordinance under which the evidence against defendant was filed in this case is patterned after Section 4511.19, Revised Code, which defines the offense as operating any vehicle while under the influence of intoxicating liquor. However, former Section 4507.37, Revised Code (repealed 125 Ohio Laws, 461, 462), defined the offense of operating a motor vehicle on a public highway while under the influence of alcohol. It is commonly recognized that the intoxicating element in liquor is alcohol. The variation here left no doubt as to the meaning of the verdict.

The substantial question in this case is presented by the ruling of the trial judge on the cross-examination of defendant and by the admission in evidence of the record from the Municipal Court of Piqua, Ohio, Criminal Division, on a case of the *State* v. *Cummins* (the defendant herein), wherein he was charged, convicted and sentenced for the offense of operating a motor vehicle on a street in the city of Piqua while under the influence of intoxicating liquor, contrary to the statute.

The question was put to the defendant:

"Q. All right. Now, Mr. Cummins, have you ever been *arrested* before? A. No sir, I have not.

"Q. Mr. Cummins, were you ever *arrested* in 1940?

"Objection. That is not a proper question.'' (Emphasis added.)

The court ruled: "The only reason is the credibility of

the witness, and can be asked and can be answered. That is purely on the question of credibility, the question would be proper relating only to *arrest.*" Exceptions were noted.

By all the authorities, this question was improper. See particularly, *Wagner* v. *State,* 115 Ohio St., 136, 152 N. E., 28, wherein it is said that the only proper course to follow when cross-examining a witness with reference to collateral offenses for the purpose of affecting his credibility is to ask him whether he has been *convicted* of the offense in question.

The proper form of the question is, "Have you been arrested and *convicted* of a criminal offense?"

If the objection to the question had been sustained, the evidence which projects the other errors assigned would not have developed. If this question had been properly propounded, the city would have been bound by the answer.

The permitted examination of the defendant developed that he admitted that he had been convicted of reckless driving.

The state then proffered the record of his conviction, as heretofore stated, of the offense of driving while under the influence of intoxicating liquor.

Over objection and exception this testimony was admitted and the jury was instructed that it was received as it might affect the credibility of the defendant.

The law of Ohio is not too well defined as respects the admissiblity of the evidence here under consideration.

In the early case of *Coble* v. *State,* 31 Ohio St., 100, the second paragraph of the syllabus provides:

"2. The credibility of a witness can not be affected by showing his former conviction of an offense under a city ordinance against disorderly conduct. A conviction, which may be shown to affect the credibility of a witness, under Section 139 of the Criminal Code (66 Ohio L. 308) is such only, as, independent of the section, would have rendered the convict incompetent to testify."

That case arose from a charge that was preferred in the year 1877, after and in the light of the enactment of the statute, 66 Ohio Laws, 308, removing the common law disqualification of a witness by reason of conviction of any crime.

More lately (1922), the case of *Harper* v. *State,* 106 Ohio

St., 481, 140 N. E., 364, was decided in the Supreme Court. There it was held in the third paragraph of the syllabus that:

"3. If upon such cross-examination the defendant denies his conviction of such crime, the proper record of the conviction, duly authenticated, may be offered by the state in rebuttal, as bearing upon his credibility."

The conviction which was denied and which the court held was admissible was for the violation of a statute against purse snatching, a misdemeanor, for which the defendant was fined $10 and costs. The court held in the first paragraph of the syllabus that:

"1. Under Section 13659, General Code, the defendant in a criminal prosecution may be cross-examined as to his conviction of crime under state or federal laws."

In the instant case, the conviction shown was the violation of a statute and, under the *Harper case,* was admissible.

With deference to Judge Wanamaker, who wrote the opinion and predicated his conclusion upon the ruling in the *Coble case* (31 Ohio St., 100), we feel that he disregarded the second sentence of the second paragraph of the syllabus in the *Coble case,* and the fact that it had been decided after the enactment of the statute, 66 Ohio Laws, 308 (Section 13659, General Code, later Section 13444-2, General Code), now Section 2945.42, Revised Code.

The last pronouncement of the Supreme Court on the question is found in *Kornreich* v. *Industrial Fires Ins. Co.* (1936), 132 Ohio St., 78, 5 N. E. (2d), 153, by Judge Stephenson, the third paragraph of the syllabus of which is:

"Where a party offers himself as a witness it has always been competent in Ohio to ask him, for the purpose of reflecting upon his credibility, whether he has been convicted of treason, a felony or any other crime that came within the designation of the *crimen falsi* of the common law. (*Wagner* v. *State,* 115 Ohio St., 136, approved, followed and distinguished.)"

Judge Stephenson, at page 90 in the opinion, after citing and commenting on *Wagner* v. *State, supra,* said:

"* * * that the only proper course to follow when cross-examining a witness with reference to collateral offenses, for the purpose of affecting his credibility, is to ask him whether he has been convicted of the offenses in question.

"We are of opinion that there should be another qualification, namely, that such cross-examination should be confined to those offenses which as a matter of law do affect credibility, viz., treason, felony and *crimen falsi*.

"It would be most unfair to a witness to ask him on cross-examination for the purpose of affecting his credibility, whether or not he had been convicted of assault and battery. The nature of the offense of assault and battery in no wise reflects upon credibility."

The offense shown here does not reflect the element of credibility.

The latest expression of an appellate court is that of Judge Conn in *State* v. *Hickman,* 102 Ohio App., 78, 141 N. E. (2d), 202, which follows generally the principle announced in the *Kornreich case* (132 Ohio St., 78).

In the cited case, the defendant was cross-examined as to a prior conviction in a Municipal Court of operating an automobile while under the influence of intoxicating liquor, the same charge as that upon which he was on trial. The court held that the cross-examination of the defendant was improper and prejudicial requiring a reversal of the conviction.

Wide latitude should be permitted in the cross-examination of a defendant in a criminal case, respecting his arrest and conviction of other offenses. *State* v. *Huffman,* 86 Ohio St., 229, 242, 99 N. E., 295; Ann. Cas., 1913D, 677. If he denies conviction of an offense which comes within the classification of those defined in *Kornreich* v. *Ins. Co., supra,* it is proper for the prosecution to offer proof of such a conviction. Otherwise, it is improper, and it is bound by his answer.

The admission of the evidence of the defendant on cross-examination upon an improper question and the admission of the record of his conviction of the offense with which he was charged in the Municipal Court of the city of Piqua, were prejudicial errors to the rights of the defendant.

For these errors, the cause will be remanded and new trial granted.

*Judgment reversed and cause remanded.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.