STATE OF DELAWARE, Plaintiff, v. WILLIAM K. HODGSON, Defendant.

(*April* 30, 1964.)

STIFTEL, J., sitting.

*Peter W. Green,* Deputy Attorney General, for the State of Delaware.

*Joseph T. Walsh* for defendant.

Superior Court for New Castle County, No. 408, Cr. A., 1962.

STIFTEL, Judge.

Defendant was found guilty by a jury of driving a motor vehicle in Delaware on March 23, 1962, while under the influence of alcohol, in violation of 21 *Del. Code,* § 4111(a). Defendant has moved for a new trial claiming that the evidence presented against him at the trial should have been suppressed because his arrest was illegal.

On March 23, 1962, defendant was returning to his home in Claymont, Delaware, from his place of work in Chester, Pennsylvania. Officer Fidullo, of Linwood Township police in Pennsylvania, saw defendant drive through a flashing red light in Linwood without stopping and immediately "gave chase". Defendant traveled at a high rate of speed and on several occasions weaved back and forth across the middle line in the road. Officer Fidullo was unable to stop defendant in Pennsylvania and pursued him into Delaware, where he reached defendant after he stopped for a traffic light, approximately one-half mile south of the Pennsylvania state boundary line. In Delaware, defendant had failed to stop for a stop sign and was also driving in excess of the speed limit. After Fidullo reached defendant, he asked him to return to Lin-

wood, Pennsylvania, but defendant refused; whereupon Fidullo radioed the Pennsylvania authorities, who, in turn, notified the Delaware State Police. Before the Delaware state policeman arrived on the scene, Fidullo ordered defendant out of his car; and he testified at the trial that defendant was not free to leave, and that he would have restrained him if he had attempted to do so. When a Delaware state policeman arrived, at approximately 2:45 A.M., he asked Officer Fidullo if he would sign a warrant for defendant's arrest. Fidullo agreed to do so. Defendant was taken to Troop headquarters and given a sobriety and an intoximeter test. After 4:00 A.M., Fidullo signed the warrant for defendant's arrest for driving under the influence of alcohol in Delaware.

During the trial, defendant moved to suppress any evidence obtained after Fidullo had stopped him, claiming that Fidullo's apprehension of the defendant was unlawful and thus the evidence against him inadmissible.

As a general rule, in the absence of statutory or constitutional authority, police officers cannot act outside the territorial limits of the body from which they derive their authority. *De Salvatore v. State*, 2 Storey 550, 163 A.2d 244-248; *Boswell v. State*, 31 Ala.App. 518, 19 So.2d 94; *Lawson v. Buzines*, 3 Harr. 416; 6 C.J.S. "Arrest" § 12, p. 609; 5 Am.Jur.2d, "Arrest", Sec. 50, pp. 742-3. However, police officers outside their jurisdictional territory may make an arrest as private citizens where a private citizen could lawfully make an arrest. *Collins v. State*, 143 So.2d 700, 702. Here, the State concedes that Fidullo, a police officer in Pennsylvania, made an arrest, and that he possessed no authority or power

to make an arrest as a police officer in Delaware.[1]  Fidullo's arrest of defendant must be sustained, if at all, as the action of a private citizen.

A private person is given no statutory authori-·ty to make an arrest without a warrant for a motor vehicle violation in this State.  See 21 *Del. Code,* § 701, and 11 *Del. Code,* § 1904(a).  However, at common law a private person could make an arrest without a warrant for an offense committed in his presence which amounted to a breach of the peace; see *State v. Mobley,* 240 N.C. 476, 83 S.E.2d 100, 104-106; cf., *State v. Dennis,* 2 Marv. 433, 43 A. 261; or which threatened a breach of the peace.[2] Cf. *Marshall v. Cleaver,* 4 Pennewill 450, 56 A. 380; *Robertson, et al. v. State,* 184 Tenn. 277, 198 S.W.2d 633; 5 Am.Jur.2d, "Arrest", Sec. 29, p. 719.  Many states have held that evidence of erratic driving indicating that a driver is under the influence of alcohol amounts to a breach of the peace, which justifies an arrest without a warrant by either a peace officer or a private citizen. *McEathron v. State,* 163 Tex.Cr.R. 619, 294 S.W.2d 822; *Jones v. State,* 163 Tex.Cr.R. 618, 294 S.W.2d 828; *Commonwealth v. Gorman,* 288 Mass. 294, 192 N.E. 618, 96 A.L.R. 977; *City of Troy v. Cummins,* 107 Ohio App. 318, 159 N.E.2d 239; *State v. Jennings,* 112 Ohio App. 455, 176 N.E.2d 304.

The authority to arrest without a warrant for a motor vehicle violation is controlled by 21 *Del. Code* § 701.

---

[1]Fresh Pursuit Law—11 *Del. C.* § 1932—Right of out-of-state officer to arrest in the State is dependent on fresh pursuit and on belief that a person pursued committed a felony in the other state. *State v. Goff,* 174 Neb. 548, 118 N.W.2d 625, 630.

[2]The *Restatement of Torts,* Sec. 116, defines a breach of the peace as follows: "A breach of the peace is a public offense done by violence or one causing or likely to cause an immediate disturbance of the public order."

A citizen is not named in the class of individuals so author-ized. See dictum in *State of Delaware v. Leonard Murphy*[3] (unreported decision of Judge Wright, Superior Court, Del., dated October 8, 1963). To permit a citizen to make an arrest for a motor vehicle violation by denominating it a breach of the peace would contravene the intention of the Legislature which sought to limit the authorized class. This is borne out by the legislative act in 1951 (48 Laws of Del., Ch. 195), which removed "constables" from the authorized class. A contrary ruling could result in a motorist being charged and convicted of breach of the peace each time he is charged and convicted of driving under the influence of intoxicating liquor in violation of § 4111 of Title 21, *Del. Code,* on the identical acts. Such an anomalous result was surely not intended. This is not to mean, however, that a common law breach of the peace may in no event be charged when a person is driving a motor vehicle when his personal behavior so warrants.

In this case, the right of the out-of-state police officer to make an arrest was mentioned for the first time after the trial. Prior to the arrest, Fidullo believed he had the right to pursue the defendant across the Delaware state line and believed he had the right to arrest him for a motor vehicle violation. When he discovered that he had no such right, he relied after trial on his right to arrest

---

[3]The Court said, at p. 2:

"The defendant first points out that the person who made the arrest had no right to do so. The State contends that a citizen's arrest was made, admitting that the arrest was made by one who was not a 'peace officer' at the time and place the arrest was made within the meaning of 11 *Del. C.* § 1901. The State's contention in this connection is of doubtful valid-ity. 21 *Del. C.* § 701 specifically names those classes of persons who may make arrests for violations of motor vehicles within this State without a warrant. The arrest here was made by one who did not belong to any of the classes set forth in the above cited statute. No evidentiary question is presented, however, and therefore, the arrest question is insignificant and for this reason I make no ruling upon it."

as a citizen for a breach of the peace or a threatened breach of the peace based on the driving conduct of the defendant. In reality, Fidullo detained this defendant for a motor vehicle offense and not because of any breach of the peace or any contemplated breach. As a citizen, he was without authority to arrest the defendant for a motor vehicle violation, since such authority is limited to those individuals named in Title 21, *Del. Code* § 701. Consequently, the arrest being in violation of the statute, the conviction must fall, since the evidence presented was obtained as a result of an illegal arrest. The evils which could arise from the indiscriminate arresting of other citizens by private individuals for reasons deemed by them to be sufficient, makes it necessary that such arrests be restricted to the terms of Section 701 and not extended or broadened by judicial construction.

It may be advisable for the Legislature to enact legislation which would permit fresh pursuit into this State and arrest by out-of-state police officers for motor vehicle violations and to lay down rules by and under which citizens of this State may be arrested by private citizens. However, this is the sole province and responsibility of the Legislature.

Motion for new trial granted.