This appeal arises from the conviction of Billy Wallace (petitioner) in the Houston County Circuit Court for the crimes of assault in the third degree and criminal mischief in the third degree.
Petitioner was a suspect in a burglary that occurred in Ozark, Alabama. On December 4, 1983, Wayne Grant, an investigator with the Ozark Police Department, found the petitioner visiting at Jimmy Jewel's residence in Dothan. Grant asked the petitioner to follow him to the Dothan police station for questioning concerning the burglary. After questioning the petitioner, Grant placed him under arrest.
After petitioner was arrested, he was searched, handcuffed, and placed in the backseat of a police car, where he immediately started kicking the right window and frame of the door. After petitioner was placed in the car, Grant and another police officer from the Ozark Police Department proceeded to Ozark. On the trip to Ozark, *Page 97 
the petitioner began making strange noises. Grant turned around to see what was wrong, and, as he turned, the petitioner kicked his right eye, knocking him against the dashboard. The petitioner also kicked him on his forehead. He also attempted to kick the officer who was driving the car. The officers stopped the car and called for a sheriff's unit with a cage. Grant testified at trial that the petitioner was intoxicated when he was arrested.
On December 8, 1983, Grant signed two warrants charging the petitioner with criminal mischief in the second degree and assault in the third degree. He was arrested on these charges in January 1985. A trial was held on these charges by the municipal judge of the City of Dothan, and petitioner was found guilty. He appealed to the Circuit Court of Houston County, where he was once again convicted. Petitioner then appealed to the Court of Criminal Appeals, which affirmed the convictions, without an opinion. We granted petitioner's request for certiorari.
Petitioner first contends that the municipal police officers from Ozark (Dale County) were acting outside of their authority when they arrested petitioner in Dothan (Houston County), without a warrant on a felony charge of burglary. Petitioner alleges that since he was illegally arrested, he had the right to respond reasonably to his unlawful custody. Petitioner argues that he did respond reasonably, and that he was not guilty of assault in the third degree.
Section 15-10-1, Code 1975, states:
 "An arrest may be made, under a warrant or without a warrant, by any sheriff or other officer acting as sheriff or his deputy, or by any constable, acting within their respective counties, or by any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county."
A police officer may arrest in his official capacity without a warrant only within the limits of the political subdivision of the state of which he is a police officer. Boswell v. State,31 Ala. App. 518, 19 So.2d 94 (1944). It is clear and undisputed from the evidence that city police from Ozark (Dale County) arrested the petitioner at the Dothan city jail in Houston County on a felony charge of burglary, without a warrant. Consequently, petitioner was unlawfully arrested; therefore, the only question for our consideration is whether the petitioner used reasonable force in attempting to extricate himself from the unlawful arrest.
The law in Alabama is clear that, to a limited degree, a party is justified in attempting to resist an unlawful arrest. A party may use reasonable force to extricate himself from an unlawful arrest. This Court, in Ex parte Edwards,452 So.2d 503, 505 (Ala. 1983), quoting from Adams v. State, 175 Ala. 8,12, 57 So. 591, 592 (1912) stated:
 "`The citizen may resist an attempt to arrest him which is simply illegal, to a limited extent, not involving any serious injury to the officer. He is not authorized to slay the officer, except in self-defense; that is, when the force used against him is felonious, as distinguished from forcible. It is better to submit to an unlawful arrest, though made with force, but not with such force as to endanger the life or limb, than to slay the officer.'"
When evidence is presented orally to the trial judge, his findings have the weight of a jury verdict and will not be disturbed on appeal unless palpably wrong or unjust. Kelly v.State, 273 Ala. 240, 139 So.2d 326 (1962); Orforda v. State,339 So.2d 1038 (Ala.Crim.App. 1976).
There was evidence presented at trial of the force used by the petitioner. After being placed in the police car, the petitioner immediately began kicking at the window and frame of the door. Shortly thereafter, he began kicking Grant, landing two blows to Grant's head and sending him into the dashboard. Petitioner then began kicking at the other officer, who was driving the police car. During this time, he was cursing the officers, and telling them that he *Page 98 
was going to make them wreck the car. The evidence presented at trial also showed that he was intoxicated at the time he was arrested. Although the trial judge did not state the reasons for his holding in the final order, he did indicate during the proceedings that he thought the force used by the petitioner was unreasonable. The question of whether the force used by the petitioner was unreasonable was a factual question for the trial judge.
Petitioner next contends that the trial court erred when it allowed the city prosecutor to amend the information in the circuit court. The prosecutor asked the judge to amend the information on two occasions and the judge allowed both amendments. Petitioner argues that a court has no right to allow any amendment of the charge without the consent of the defendant entered of record.
The two motions to amend, as set out in petitioner's request for additional facts pursuant to Rule 39 (k), Ala.R.App.P. (denied by the Court of Criminal Appeals and now presented to this Court), are as follows:
 "MR. JACKSON: At this point I would like to make an oral motion to amend.
 "MR. LITTLE: We would object to it. The appeal was filed; it has been pending a long time, and we would object to any amendment at this time.
 "MR. JACKSON: The warrant — of course, the warrant clearly charges that, and that is what he was tried with.
 "THE COURT: Criminal mischief — and the information you later filed up here said `assault,' and you meant `criminal mischief'?
 "MR. JACKSON: Of course, the wording in the information does allege criminal mischief and does cite the Code Section.
 "THE COURT: I don't think that is a material variance. I will allow you to amend it at this time by [interlineation].
 "MR. JACKSON: We want to call Mr. Speck in just a minute, but I believe this information alleges it happened in '84, and it will have to be amended to say it happened in '83.
 "MR. LITTLE: For the record, we would object. This is the second time this has happened.
"THE COURT: This wasn't filed until January 15, '85?
"MR. JACKSON: '85, that's right.
"THE COURT: He said '83.
 "MR. JACKSON: Twice he responded to the prosecutor's questions as 1984.
 "If you want to read the first two or three questions back, Butch; that's what he said.
"They asked him in '84, and he answered.
 "THE COURT: Ask the next witness. Maybe it was '84. I don't know.
 "MR. JACKSON: At this point I am making a motion to amend it to '83, if that is necessary.
 "THE COURT: I think we are in the middle of a trial now.
"THE COURT: What is the statute of limitation?
"MR. JACKSON: One year on misdemeanors.
 "THE COURT: This is an appeal — that's right. It's been in litigation all this time and on appeal, and I don't see that as being a material error. It's been in litigation all this time and on appeal, and I don't see that as being material.
 "I was thinking they had waited over a year to bring the charges, but the record reflects it's been going on since December of '83.
 "That is just a minor error in the information that says '84.
 "I don't see that as being a material variance at all."
The petitioner contends in his brief to this Court that the trial judge erred in allowing the city prosecutor to amend the indictment. The petitioner states in his brief, "The city asked the judge to amend the information on two occasions and the judge allowed both amendments." (Emphasis added.) He then cites the Court to cases which hold that in Alabama an indictment cannot be amended without the consent of the defendant. See, Exparte Shoults, 208 Ala. 598, 94 So. 777 (1922); *Page 99 Shiff v. State, 84 Ala. 454, 4 So. 419 (1887); White v. State,448 So.2d 421 (Ala.Crim.App. 1983). However, it is clear from what is set forth above that the document the trial court allowed to be amended was an "information," not an "indictment," but that is of no consequence to our resolution of the question presented here.
Rule 15.5 (a), Alabama Temporary Rules of Criminal Procedure, provides:
 "(a) Amendment of Charge. A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment."
In this case, the court allowed the prosecutor to amend the information twice; once, to change the offense and again to change the date the offense was committed. The court allowed the amendments over the defendant's objection. The trial court erred, and the Court of Criminal Appeals erred in affirming the trial court's judgment.
The judgment of the Court of Criminal Appeals is due to be, and it hereby is, reversed, and the cause is remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.