Gregory Hunter was indicted for and convicted of third-degree escape, a violation of § 13A-10-33, Ala. Code 1975. He was sentenced, as a habitual offender, to 18 years' imprisonment. This appeal followed.
On September 20, 2001, while in jail awaiting release on probation[1]
on an unrelated offense, Hunter got into a fight with another inmate. As a result, Hunter was arrested for assault in the third degree (a misdemeanor). He was not taken before a magistrate or judge, but was released on an appearance bond and was directed to appear before the district court on November 13, 2001.[2] On September 27, 2001, the facts underlying the assault in the third-degree complaint were presented to a magistrate for a probable cause determination. See Rule 4.3(a)(2), Ala.R.Crim.P. At this time evidence was disclosed revealing that Hunter had used a ballpoint pen in the fight in an attempt to "jab" the victim in the eye. (C.R. 21.)[3] Based on this new information, a complaint/arrest warrant was issued on September 27, 2001, for Hunter, alleging the offense of assault in the second degree (a felony). Shortly thereafter, Investigators James Wigley and Johnny Sloan saw Hunter at a gasoline service station. After Hunter drove away from the station, the officers activated their patrol car lights and stopped Hunter's vehicle. Wigley told Hunter to get out of the vehicle because he needed to speak with him. When Hunter and Wigley reached the back of the vehicle, Wigley grabbed Hunter's left wrist. Wigley told Hunter that he had a warrant for his arrest and that he was under arrest. Sloan grabbed Hunter's right wrist. At this time, Hunter was pushed forward so that he was leaning on the trunk of the vehicle. When the officers attempted to place handcuffs on Hunter, he broke away from the officers' grasp and ran through a field. The officers were not able to find Hunter that night. He was later apprehended, and he was tried for, and convicted of, escape.
Hunter raises two issues on appeal, and we address each in turn.
 I.
Hunter claims that the trial court erred when it denied his motion to dismiss the indictment charging escape. Specifically, he contends the indictment should have been dismissed because, he says, his arrest was unlawful. Whether a trial court's denial of a motion to dismiss an indictment was error is reviewed under an abuse-of-discretion standard of review. See Raper v. State, 584 So.2d 544 (Ala.Crim.App. 1991).
Hunter argues that because he had already been arrested and released on bond *Page 363 
following his arrest for assault in the third degree, the issuance of an "arrest warrant was not the appropriate vehicle to serve the [second-degree assault] complaint." (R. 6) According to Hunter, the appropriate means to inform him of the new charge of assault in the second degree would have been by service of a summons pursuant to Rule 3.4, Ala.R.Crim.P. This rule states:
 "The summons may be served by any law enforcement officer in the same manner as a summons in a civil action, except that service may not be by publication. At the law enforcement officer's discretion and expense, a summons may be served by certified mail, requiring a signed receipt or some equivalent thereof."
Rule 3.4, Ala.R.Crim.P. In other words, a summons was appropriate because, Hunter argues, it was necessary only to "apprise [Hunter] of the charges filed against him and to notify [him] to appear." Committee Comments to Rule 3.4, Ala.R.Crim.P.
Hunter contends that once he was released on bond, Rule 4.3(a)(2), Ala.R.Crim.P., provided the procedure to be followed when issuing a new complaint.
 "(2) If a person arrested without a warrant has been released and cited or directed to appear without having been taken before a judge or magistrate for a probable cause determination, the officer or private person who made the arrest shall without undue delay make a complaint before a judge or magistrate as provided in Rules 2.3 and 2.4. If the judge or magistrate finds probable cause, the complaint shall be served on the defendant in the manner provided in Rule 3.4 for service or summons, or shall be delivered to the defendant at the time of the defendant's appearance. If the judge or magistrate does not find probable cause, the person arrested shall promptly be notified and advised that an appearance will not be required. Notification shall be made by the magistrate or clerk of the court by mail directed to the defendant at the defendant's last known address."
Rule 4.3(a)(2), Ala.R.Crim.P. (emphasis added).
Thus, Hunter asserts that the issuance of an arrest warrant for assault in the second degree was unlawful. According to Hunter, he committed no criminal offense in resisting an unlawful arrest. "`The law in Alabama is clear that, to a limited degree, a party is justified in attempting to resist an unlawful arrest. A party may use reasonable force to extricate himself from an unlawful arrest.'" Telfare v. City of Huntsville,841 So.2d 1222, 1229 (Ala. 2002) (quoting Ex parte Wallace, 497 So.2d 96,97 (Ala. 1986)).
Hunter's reliance on Rule 4.3(a)(2), Ala.R.Crim.P., is misplaced. Under Rule 4.3(a)(2), Ala.R.Crim.P., the person making the arrest must bring a complaint before a judge or magistrate for a probable cause hearing. If probable cause is found, a summons is served on the defendant in the manner provided in Rule 3.4, Ala.R.Crim.P. That procedure would have been applicable to the third-degree assault case where Hunter was arrestedwithout a warrant and released before a probable cause hearing was held. In that situation, after a subsequent finding of probable cause, notification by summons, as permitted by Rule 4.3(a)(2), Ala.R.Crim.P., would have been appropriate.
However, Hunter's arrest for assault in the second degree followed theissuance of a warrant for his arrest. When the complaint in the third-degree assault case was presented for a probable cause determination, it was determined that, based on the evidence, Hunter should be charged with second-degree assault. Hunter was never charged
with assault in the third degree. *Page 364 
Instead, based on the evidence presented to the magistrate, it was determined that probable cause existed to support a charge of assault in the second degree. This was a new charge for which Hunter had not been arrested. Thus, a complaint and an arrest warrant for that offense was due to be issued.
The Rules of Criminal Procedure do not suggest that a magistrate or judge is prohibited from issuing an arrest warrant where probable cause supports charging a greater offense. Rule 3.1(a), Ala.R.Crim.P., states that a judge or magistrate shall issue an arrest warrant or summons
"[u]pon return of an indictment, or upon a finding of probable cause."
 "(a) Issuance. Upon return of an indictment, or upon a finding of probable cause made pursuant to Rule 2.4, the judge or magistrate shall immediately cause to be issued an arrest warrant or summons, as provided in Rule 3.2.
 "(b) Summons. If the defendant is not in custody, if the offense charged is bailable as a matter of right, and if there is no reason to believe that the defendant will not respond to the summons, a summons may be issued, at the sole discretion of the issuing judge or magistrate."
Rule 3.1, Ala.R.Crim.P.[4] (emphasis added).
Thus, the issuance of a summons or an arrest warrant is a matter left within the discretion of the issuing judge or magistrate. In exercising its discretion, the magistrate in Hunter's case issued an arrest warrant upon a finding of probable cause that Hunter had committed a felony instead of a misdemeanor. Thus, Hunter's arrest for assault in the second degree was lawful, and the trial court's denial of Hunter's motion to dismiss the indictment charging escape on the ground that Hunter was resisting an unlawful arrest was not an abuse of discretion.
 II.
Hunter claims the trial court erred by denying his motion for a judgment of acquittal because, he argues, the State never proved he was in custody as required by the statutory definition of the offense of third-degree escape.[5] Custody is a "restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court." § 13A-10-30(b)(1), Ala. Code 1975. "The United States Supreme Court has held that for purposes of determining whether a person is in `custody,' `the ultimate inquiry is simply whether there is a "formal arrest or restraint on freedom of movement" of the degree associated with a formal arrest.'" Gibbons v. State, 676 So.2d 956, 957 (Ala.Crim.App. 1995) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)). The Alabama Supreme Court held that for purposes of the escape statute, a person is not in "custody" until his arrest is completed. Ex parteMcReynolds, 662 So.2d 886 (Ala. 1994). A person's arrest is complete when there is an assertion of the intent to arrest followed by either physical touching or submission of the arrestee. California v. Hodari D.,499 U.S. 621 (1991). Based on the holdings announced in Hodari D.,Gibbons, *Page 365 
and McReynolds, we hold that Hunter's arrest was complete when the officers grabbed his wrists, informed him that he was under arrest, and began to place handcuffs on his wrists. Therefore, Hunter was in custody when he fled. Accordingly, we hold that the State presented a prima facie case of escape in the third degree; the trial court did not err in denying Hunter's motion for a judgment of acquittal.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] As best we can discern, it appears that Hunter was literally being processed for release on probation at the time of the incident.
[2] Rule 4.3(a), Ala.R.Crim.P., authorizes release after a warrantless arrest and specifies the circumstances under which release from jail may be obtained. Hunter was arrested without a warrant and his release was in accordance with the rule.
[3] This circumstance increases Hunter's culpability because it adds the element of intending to cause injury by use of a deadly weapon or dangerous instrument. See § 13A-6-21(a)(2), Ala. Code 1975.
[4] "If the judge or magistrate is reasonably satisfied from the complaint and the evidence, if any, submitted that the offense complained of has been committed and that there is probable cause to believe that the defendant committed it, the judge or magistrate shall proceed under Rule 3.1." Rule 2.4, Ala.R.Crim.P.
[5] "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." § 13A-10-33(a), Ala. Code 1975.