Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

## CR-2024-0071

_____

## Bonnie Lee Baker

## v.

## State of Alabama

## Appeal from Winston Circuit Court
## (CC-22-193)

MINOR, Judge.

Bonnie Lee Baker appeals her convictions for third-degree escape, see § 13A-10-33, Ala. Code 1975, and operating a motor vehicle without insurance, see § 32-7A-16, Ala. Code 1975. Baker asks us to consider (1) whether the Winston Circuit Court erred by admitting into evidence

State's Exhibit 3, an excerpt of a transcript of a pretrial status conference; (2) whether the State presented sufficient evidence to support her convictions; and (3) whether Baker's sentence for her escape conviction was properly enhanced under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975.

We question whether Baker preserved her first issue, and we hold that, even if she preserved the issue, any error in the admission of State's Exhibit 3 was harmless. We also hold that the State presented sufficient evidence to support Baker's conviction for operating a motor vehicle without insurance, and we thus affirm that judgment of conviction and sentence. Finally, we hold, as the State concedes, that the State presented insufficient evidence to prove Baker's conviction for third-degree escape, and we thus reverse that judgment of conviction and sentence and render a judgment in Baker's favor as to that charge.

FACTS AND PROCEDURAL HISTORY

In April 2022, Deputy Tim Williams, who was employed with the Addison Police Department, was patrolling an area in Winston County near County Road 41 when he observed a vehicle parked on the side of the road with a low light emitting from the back seat and the passenger

rear door open. Deputy Williams stopped and observed Baker bent over in the back seat and looking around. Deputy Williams asked Baker to step out of the vehicle and asked her what she was doing. Baker stated that the vehicle had run out of gas, that she was trying to get it home, and that she had left a note about the vehicle at the house at that address.

Deputy Williams contacted dispatch with Baker's information and was advised that Baker had an active warrant in Double Springs City. Deputy Williams told dispatch that Baker was under arrest, and he then told Baker that she was under arrest. Baker stated that she did not want to go to jail and started to "back up." (R. 44.) Deputy Williams advised Baker that she was under arrest and not to run.

Baker took off running southbound on County Road 41, Deputy Williams ran behind her yelling for her to stop, and oncoming traffic was coming toward them. Deputy Williams advised dispatch that Baker was running. Baker ran about 150 yards down the side of the road before she stopped and laid down in the grass. Deputy Baker instructed Baker multiple times to put her hands behind her back, but she kept them under her body and refused to put them behind her back. Deputy Williams finally placed Baker in handcuffs and assisted her to her feet

3

before walking her back to the patrol vehicle.[1] At that time, Deputy Williams determined that Baker did not have a driver's license or vehicle insurance and that the vehicle had an expired tag that had been switched out.

A jury found Baker guilty of third-degree escape and operating a motor vehicle without insurance.[2] The circuit court sentenced Baker on

---

[1]The circuit court admitted into evidence footage of the events captured on Deputy Williams's body camera. See State's Exhibit 1.

[2]In August 2022, a Winston County grand jury returned a multicount indictment and charged Baker with these offenses: third-degree escape (count 1); possession of methamphetamine (count 2); possession of drug paraphernalia (count 3); third-degree promoting prison contraband (count 4); reckless endangerment (count 5); resisting arrest (count 6); operating a motor vehicle with an expired tag (count 7); operating a motor vehicle without insurance (count 8); operating a motor vehicle without a driver's license (count 9); and removing a license plate from a vehicle with intent to conceal or misrepresent the identity of the vehicle or its owner (count 10). (C. 15.)

After the State rested, Baker moved for a judgment of acquittal on counts 1-5 and 7-10. But Baker did not move for a judgment of acquittal on count 6—resisting arrest. The State conceded the motion as to count 9, and the circuit court granted the motion as to count 7 but denied the motion as to counts 1-5, 8, and 10. The jury returned guilty verdicts on third-degree escape (count 1) and operating a motion vehicle without insurance (count 8), the two convictions before us in this appeal.

The jury also found Baker guilty of reckless endangerment (count 5), see § 13A-6-24, Ala. Code 1975, and resisting arrest (count 6), see

4

the third-degree-escape conviction as a habitual felon to 15 years' imprisonment, suspended the sentence, and ordered her to serve 5 years' probation in community corrections. The circuit court also ordered Baker to pay a $100 fine on her conviction for operating a motor vehicle without insurance. Baker appeals those convictions and sentences.

## I. STATE'S EXHIBIT 3

Baker argues that the circuit court erred by admitting State's Exhibit 3—an excerpt of the transcript from a pretrial status conference, which, Baker says, was improper evidence of plea discussions under Rule 410, Ala. R. Evid., and Rule 14.3(d), Ala. R. Crim. P. (Baker's brief, pp. 19-26.) Before trial, Baker objected to the State's use of the excerpt from the status conference, and the circuit court stated: "We've already argued that, and I have already ruled on that, and it is coming in." (R. 4.) Baker responded that, during the status conference, she was "just talking about the possibility of a plea" and that "[s]he was not under oath, and

---

§ 13A-10-41, Ala. Code 1975. The circuit court sentenced Baker to one year in jail on the reckless-endangerment conviction and six months in jail on the resisting-arrest conviction. Baker does not challenge those convictions or sentences on appeal.

5

therefore, [defense counsel] object[ed] to [the State's Exhibit 3]." (R. 5.)

The circuit court stated: "Overruled. Denied." (R. 5.)

After the State's last witness's testimony was completed, the following exchange occurred:

"THE COURT: All right. [Prosecutor], you may proceed.

"[Prosecutor]: Judge, the State would move to admit State's Exhibit 3, which is a portion of the record from a motion hearing from October 20th before Your Honor in regards to this case.

"[Defense counsel]: Same objection as before, Your Honor.

THE COURT: That's already been ruled on.

"[Prosecutor]: Judge, may I have my assistant read parts—the part that's—

"THE COURT: You may.

"[Prosecutor's assistant], let me just, out of an abundance of caution—do you swear or affirm that you are going to accurately and correctly read the transcript of Exhibit 3?

"[Prosecutor's assistant]: I do.

"[Prosecutor]: And Judge, just for a clarification point for the jury, [prosecutor's assistant] will be reading the defendant, which will be Ms. Baker's portions, and I'll read the one line that the Court had in between the two statements.

6

"THE COURT: Okay.

"([Prosecutor] and [prosecutor's assistant] read the following excerpt.)

"'[Baker]: Like, that resisting, I don't have a problem with it, but the rest of that stuff, you know, like, if it was mine, I'd have no problem, you know, pleading guilty to it. But it wasn't, so I have a real big issue with pleading guilty to something that's not mine, you know. Like, I just—

"'THE COURT: Okay. But you just said that you had no problems with the resisting?

"'[Baker]: Resisting, I mean, I did resist arrest. I ran from him. You know what I'm saying? I did do that, but that's—that's for sure, you know, but I—all that other stuff, no. No. You know, I've gotten to a better place in my life, and I'm not going to take something that's not mine, you know.'

"(End of excerpt.)

"[Prosecutor]: Again, I move to admit that.

"[Defense counsel]: Same objection.

"THE COURT: All right. That's overruled, and it's received in evidence."

(R. 125-27.)[3]

_____

[3]During the sentencing hearing, the circuit court stated:

We question whether Baker preserved this issue for review. The record on appeal does not include the full transcript of the pretrial status conference, and this Court is unsure of the basis of Baker's "[s]ame objection." (R. 125, 127.) "Review on appeal is restricted to questions and issues properly and timely raised at trial." Newsome v. State, 570 So. 2d 703, 717 (Ala. Crim. App. 1989). "An issue raised for the first time on appeal is not subject to appellate review because it has not been properly preserved and presented." Pate v. State, 601 So. 2d 210, 213 (Ala. Crim. App. 1992). "'[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof.'" McKinney v. State, 654 So. 2d 95, 99 (Ala. Crim. App. 1995) (quoting Buice v. State, 574 So. 2d 55, 57 (Ala. Crim. App. 1990)). "The statement of specific grounds of objection

---

"Ms. Baker, the only thing that I'm going to mention is we had a hearing Friday prior to the trial. You admitted in the hearing that you ran. You apparently admitted to one of your witnesses that you ran … and then you also stated in that hearing that if you're found guilty of all that other stuff, you'll take whatever it is the jury gives you. Do you remember that?"

(R. 257.) Baker responded: "Yes, sir." (R. 257.)

waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So. 2d 880, 882 (Ala. 1987).

But even if Baker preserved this issue, she would be due no relief because the admission of that evidence was, at most, harmless error.

"Rule 45, Ala. R. App. P., provides:

"'No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.'

"As the Alabama Supreme Court explained in Ex parte Crymes, 630 So. 2d 125 (Ala. 1993):

"'In determining whether the admission of improper testimony is reversible error, this Court has stated that the reviewing court must determine whether the "improper admission of the evidence ... might have adversely affected the defendant's right to a fair trial," and before the reviewing court can affirm a judgment based upon the "harmless error" rule, that court must find conclusively that the trial court's error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.'

9

"630 So. 2d at 126 (emphasis omitted)."

DeBlase v. State, 294 So. 3d 154, 235 (Ala. Crim. App. 2018).

As noted above, Baker's conviction for resisting arrest is not before us. And, as we discuss below, we are reversing her conviction for third-degree escape and rendering a judgment in her favor as to that charge. Resolution of that issue in Baker's favor renders moot any evidentiary issue as to that conviction. Thus, Baker's conviction for operating a motor vehicle without insurance is the only conviction before us to evaluate whether any error in the admission of State's Exhibit 3 "probably injuriously affected [Baker's] substantial rights." Rule 45, Ala. R. App. P. The evidence in State's Exhibit 3 included Baker's admission that she "did resist arrest" and that she "ran from" Deputy Williams. Nothing was mentioned about the no-insurance charge in that brief exchange with the circuit court transcribed in State's Exhibit 3, and we conclude that the circuit court's admission of that exhibit did not affect the jury's verdict finding Baker guilty of operating a motor vehicle without insurance. Baker is due no relief on this issue.

## II. SUFFICIENCY OF THE EVIDENCE

"'"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution."' Ballenger v. State, 720 So. 2d 1033, 1034 (Ala. Crim. App. 1998) (quoting Faircloth v. State, 471 So. 2d 485, 488 (Ala. Crim. App. 1984), aff'd, 471 So. 2d 493 (Ala. 1985)). '"The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt."' Nunn v. State, 697 So. 2d 497, 498 (Ala. Crim. App. 1997) (quoting O'Neal v. State, 602 So. 2d 462, 464 (Ala. Crim. App. 1992)). '"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court's decision."' Farrior v. State, 728 So. 2d 691, 696 (Ala. Crim. App. 1998) (quoting Ward v. State, 557 So. 2d 848, 850 (Ala. Crim. App. 1990)). 'The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.' Ex parte Bankston, 358 So. 2d 1040, 1042 (Ala. 1978)."

Essouiri v. State, [Ms. CR-2023-0832, Nov. 8, 2024] ___ So. 3d ___, ___ (Ala. Crim. App. 2024) (quoting McGlocklin v. State, 910 So. 2d 154, 156 (Ala. Crim. App. 2005).

## A. OPERATING A MOTOR VEHICLE WITHOUT INSURANCE

Baker argues that the State offered insufficient evidence to support her conviction for operating a motor vehicle without insurance. We disagree.

Section 32-7A-16(a)(1), Ala. Code 1975, provides that "[a] person is guilty of a Class C misdemeanor who … [o]perates a motor vehicle without a liability insurance policy, a commercial automobile liability insurance policy, a motor vehicle liability insurance bond, or deposit of cash in accordance with this chapter."

> "For the purposes of this chapter, [i.e., Title 32, Chapter 7A,] 'operating a motor vehicle' shall be satisfied whenever it is apparent that the vehicle has traveled any distance upon a public road or highway and a law enforcement officer may have only observed the results of finding the vehicle stopped either on or off the public road or highway, as for example when the vehicle has come to a stop after an accident. <u>Witnessing the operation of the vehicle is not required for a citation to be issued under this chapter.</u>"

Section 32-7A-16(3)(d) (emphasis added).[4]

---

[4]Baker's assertion that this Court <u>must</u> apply the principles of statutory construction and the rule of lenity to demonstrate that the evidence could not support Baker's conviction for operating a motor vehicle without insurance is unpersuasive. <u>See, e.g.</u>, <u>State v. Hankins</u>, 155 So. 3d 1043, 1047 (Ala. Crim. App. 2013) ("It is not proper for a court to read into the statute something which the legislature did not include

Deputy Williams encountered Baker alone with the vehicle when he pulled over to determine whether she needed medical assistance or if the vehicle was broken down. (R. 43.) Baker told Deputy Williams that "the car ran out of gas [and] that she left a note on the residence prior to leaving the car there." (R. 43.) She also told him that she was trying to avoid a physical altercation with the man with whom she lived, so "she just tried to get out of the house." (R. 44.) Baker told him: "I just don't want to go to jail and lose my car." (R. 53.) Deputy Williams later learned that "[t]he car d[id] not have insurance on it." (R. 52.)

Deputy Williams did not witness Baker operating the vehicle. But that was unnecessary for the jury to conclude that Baker had violated the Code section. See § 32-7A-16(d). Under the circumstances of this case, the evidence was sufficient to support Baker's conviction for operating a

---

although it could have easily done so."). The rule of lenity applies when a statute is ambiguous. See Ex parte Bertram, 884 So. 2d 889, 892 (Ala. 2003) ("The 'rule of lenity requires that "ambiguous criminal statute[s] ... be construed in favor of the accused." ' Castillo v. United States, 530 U.S. 120, 131, 120 S. Ct. 2090, 147 L. Ed. 2d 94 (2000) (paraphrasing Staples v. United States, 511 U.S. 600, 619 n.17, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994))."). Section 32-7A-16(d), Ala. Code 1975, however, is not ambiguous.

motor vehicle without insurance. Thus, Baker is due no relief on this issue.

## B. THIRD-DEGREE ESCAPE

Baker argues that the State did not provide sufficient evidence that Baker was in custody before she fled. Baker specifically argued at trial that "custody has to have some type of physical restraint" and that "[t]here was no evidence whatsoever presented that could satisfy that element."[5] (R. 130.) The State concedes on appeal that there was

---

[5]In response, the State argued:

"[The State]: Judge, as to the escape, the State has given—presented testimony to this jury that the defendant escaped or attempted to escape from the custody of the Winston County Sheriff's Department. It just—is the definition of restraint—or custody—I'm sorry—is a restraint or detention by a public servant pursuant to a lawful arrest. There's nothing in that definition that says it has to be a physical, you know, have to put handcuffs on them or anything else like that. There was a detention made of Ms. Baker once the call came back over the radio that Double Springs wanted her. Ms. Baker was aware of that. You know, as soon as that came back, she started asking questions about why she had to go to jail. You know, that was explained to her on the scene. It's clear in the video that she understood that she was detained at that point, and she made the decision to run. I think the State has produced sufficient evidence to overcome any motions for judgment of acquittal in this case. I think, you know, we've presented the evidence. There's been

14

CR-2024-0071

insufficient evidence to prove Baker's conviction for third-degree escape and that Baker's argument thus appears "meritorious." (State's brief, p. 24.)

Section 13A-10-33(a), Ala. Code 1975, provides that "[a] person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." "Custody" is defined as "[a] restraint or detention by a public servant pursuant to a lawful arrest, conviction, or order of court, but does not include mere supervision of probation or parole or constraint incidental to release on bail." § 13A-10-30(b)(2), Ala. Code 1975.

In <u>Hunter v. State</u>, 867 So. 2d 361 (Ala. Crim. App. 2003), this Court stated that

> "[t]he United States Supreme Court has held that for purposes of determining whether a person is in 'custody,' 'the ultimate inquiry is simply whether there is a "formal arrest

---

no evidence presented by the defense at this point. I think the judgment for acquittal on Count 1 is due to be denied because we have produced evidence that Ms. Baker was placed in detention by the officer. As he pulled his handcuffs out, you could see on the video he was intending to restrain her when she took off running. So I think that Count 1 is due to be denied based on those facts."

(R. 136-37.)

or restraint on freedom of movement" of the degree associated with a formal arrest.' Gibbons v. State, 676 So. 2d 956, 957 (Ala. Crim. App. 1995) (quoting California v. Beheler, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 77 L. Ed. 2d 1275 (1983)). The Alabama Supreme Court held that for purposes of the escape statute, a person is not in 'custody' until his arrest is completed. Ex parte McReynolds, 662 So. 2d 886 (Ala. 1994). A person's arrest is complete when there is an assertion of the intent to arrest followed by either physical touching or submission of the arrestee. California v. Hodari D., 499 U.S. 621, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991)."

867 So. 2d at 364 (footnote omitted). See, e.g., Ex parte Thompson, 38 So. 3d 119, 124 (Ala. Crim. App. 2009) (mentioning Gibbons v. State, 676 So. 2d 956 (Ala. Crim. App. 1995), in the context of a postconviction petition under Rule 32, Ala. R. Crim. P.). "An arrest requires either physical force … or, where that is absent, submission to the assertion of authority." California v. Hodari D., 499 U.S. 621, 626 (1991). Here, no evidence shows that Baker was in custody when she fled from Deputy Williams.

The State's evidence showed that Deputy Williams informed Baker that she was under arrest and "started to get [his] handcuffs and stuff out to put them on her" before she fled. (R. 45.) But when Baker fled, Deputy Williams had not physically detained her, and Baker had not submitted to the arrest. Hunter, supra. Thus, the State did not present a prima facie case of third-degree escape, and the circuit court erred by

16

denying Baker's motion for a judgment of acquittal. Thus, we reverse Baker's conviction and sentence for third-degree escape and render a judgment in her favor as to that charge. [6]

## CONCLUSION

For these reasons, we affirm Baker's conviction for operating a motor vehicle without insurance and her resulting fine. We reverse Baker's conviction and sentence for third-degree escape and render a judgment in her favor as to that charge.

AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED IN PART.

Windom, P.J., and Cole and Anderson, JJ., concur. Kellum, J., concurs in the result.

---

[6]Our resolution in Baker's favor of her challenge to the sufficiency of the evidence to support the third-degree-escape conviction renders moot her challenge to the sentence imposed on that conviction.